**Richmond**

DOUGLAS WAYNE HILL

v.

COMMONWEALTH OF VIRGINIA

No. 0932-86-2

Decided April 4, 1989

COUNSEL

N. Kendall Newsom, for appellant

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

## ON HEARING EN BANC

**COLE, J,**—This case was heard *en banc* pursuant to Code § 17-166.02(D). The appellant, Douglas Wayne Hill, contends that his conviction for distribution of cocaine in violation of Code § 18.2-248 should be overturned because (1) the evidence was insufficient to support the conviction; (2) the trial court erred in refusing to consider the appellant's motion to set aside the verdict on the basis of ineffective assistance of counsel; and (3) he was denied his right to effective assistance of counsel. For the reasons that follow, we affirm the conviction.

In a jury trial, Hill was convicted, sentenced to forty years in the penitentiary and fined $25,000. Twenty-five years of the penitentiary sentence and $15,000 of the fine were suspended. Hill retained new counsel and filed motions to set aside the verdict based on newly discovered evidence and ineffective assistance of counsel. The trial court barred Hill's new counsel from presenting additional evidence on the allegation of ineffective counsel and denied the motion to set aside the verdict on that ground. Hill's counsel then presented evidence in support of his motion to set aside the verdict on the basis of newly discovered evidence. The trial court denied the motion, finding that the evidence presented did not qualify as "newly discovered."

## I.

Hill contends that the trial judge erred in qualifying Robert Kreisheimer, who purchased the cocaine from Hill, as an expert witness in identifying cocaine. The cocaine was not produced at trial nor was any analysis of the substance admitted in evidence. Proof that the substance was cocaine was provided by Kreisheimer's testimony, the admissions of Hill, and other circumstantial evidence. Hill argues that without Kreisheimer's testimony, the evidence was insufficient to prove that the substance distributed was cocaine; therefore, he argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We disagree.

The nature of the illegal substance transferred need not be proved by direct evidence but can be demonstrated by circumstantial evidence. *United States v. Zielie*, 734 F.2d 1447, 1456 (11th Cir. 1984), *cert. denied*, 469 U.S. 1189 (1985); *United States v. Gregorio*, 497 F.2d 1253, 1263 (4th Cir.), *cert. denied*, 419 U.S. 1024 (1974). The types of circumstantial evidence that may considered include the following:

> [E]vidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that the transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.

*United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976); *see also United States v. Scott*, 725 F.2d 43, 45-46 (4th Cir. 1984); *Anderson v. Commonwealth*, 215 Va. 21, 25-26, 205 S.E.2d 393, 396 (1974).

Users and addicts, if they have gained a familiarity or experience with a drug, may identify it. Numerous courts have permitted lay purchasers of drugs to testify as to the identification of drugs after previous use has been demonstrated. *See, e.g., People*

*v. Winston,* 46 Cal.2d 151, 155-56, 293 P.2d 40, 43 (1956); *Pettit v. State,* 258 Ind. 409, 281 N.E.2d 807 (1972); *Miller v. Commonwealth,* 512 S.W.2d 941, 943 (Ky. 1974), *cert. denied,* 420 U.S. 935 (1975); *Edwards v. Commonwealth,* 489 S.W.2d 23, 25 (Ky. 1972); *People v. Boyd,* 65 Mich. App. 11, 236 N.W.2d 744, 746 (1975); *State v. Neal,* 624 S.W.2d 182, 183-84 (Mo. App. 1981); *State v. Pipkin,* 101 N.J. Super. 598, ____, 245 A.2d 72, 74-75, *cert. denied,* 52 N.J. 484, 246 A.2d 1446 (1968); *State Johnson,* 54 Wis.2d 561, ____, 196 N.W.2d 717, 719 (1972). The same rule is followed in the federal courts. *United States v. Sweeney,* 688 F.2d 1131, 1145 (7th Cir. 1982); *United States v. Atkins,* 473 F.2d 308, 313 (8th Cir.), *cert. denied,* 412 U.S. 931 (1973).

■ Abundant circumstantial evidence exists in the record from which the jury validly could have inferred that cocaine was the substance involved in the transaction between Hill and Kreisheimer. Kreisheimer testified that he had used cocaine approximately five hundred times and that he had been a cocaine dealer for several years. He testified that the substance he purchased from Hill looked like cocaine, affected him in the same manner in which cocaine affected him, and in fact was cocaine. The parties to the transaction referred to the substance as cocaine. The transaction was effected with secrecy, as evidenced by Kreisheimer's testimony that Hill got the cocaine out of a lock box hidden inside his car trunk. Kreisheimer further testified that he owed Hill a large sum of money for the cocaine and that after Hill pressured him for the money, he told his parents that he needed to repay money owed for a cocaine transaction. It was within the jury's province to accept or reject Kreisheimer's testimony that the substance he bought from Hill was cocaine. "The jury has a right to weigh the testimony of all the witnesses, experts and otherwise." *Martin v. Penn,* 204 Va. 822, 826, 134 S.E.2d 305, 307 (1964) (quoting *Webb v. Chesapeake & Ohio Ry. Co.,* 105 W. Va. 555, 144 S.E. 100, 103 (1928)).

Hill further argues that even if Kreisheimer's testimony is admissible to establish that the substance Hill sold was cocaine, the evidence adduced at trial was insufficient to show that Hill distributed cocaine or any other substance. More specifically, Hill argues that the testimony of Kreisheimer and Baker was not sufficient to sustain the Commonwealth's burden of proof because the witnesses were convicted felons yet to be sentenced who expected

favorable treatment at sentencing because of this cooperation. We find no merit in these contentions.

█ Although the testimony of felons may be impeached by evidence of their prior convictions, their testimony is competent and sufficient to support a conviction if credited by the jury. *See Gray v. Commonwealth*, 233 Va. 313, 344-45, 356 S.E.2d 157, 174-75, *cert. denied*, 108 S. Ct. 207 (1987); *Justus v. Commonwealth*, 222 Va. 667, 678, 283 S.E.2d 905, 911 (1981), *cert. denied*, 445 U.S. 983 (1982). The jury was aware that Kreisheimer and Baker were convicted felons and that their cooperation in testifying against Hill would be considered by the judges who would sentence them. It was within the jury's province to assess the credibility of their testimony and to determine the weight it was to be accorded. *Gray*, 233 Va. at 344, 356 S.E.2d at 175-76; *Johnson v. Commonwealth*, 224 Va. 525, 528, 298 S.E.2d 99, 101 (1982).

We also note that the testimony of Kreisheimer and Lewis was significantly corroborated by Armstrong, Martin and Kreisheimer's mother. Viewing all of the evidence in this record in the light most favorable to the Commonwealth and giving to that evidence all reasonable inferences fairly deducible therefrom, *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), we conclude that the evidence was sufficient to qualify Kreisheimer as an expert in identifying cocaine and to permit the jury to find beyond a reasonable doubt that Hill distributed cocaine in violation of Code § 18.2-248.

## II.

Next, Hill contends that the trial court erred in refusing to consider his motion to set aside the verdict on the basis of ineffective assistance of counsel and in denying him his right to effective assistance of counsel. We consider these two allegations together.

On May 14, 1986, the day of his sentencing hearing, Hill filed a *pro se* motion to set aside the verdict of the jury based on ineffective assistance of counsel at the trial. His motion contained twenty separate claims of negligence against his trial attorney, including allegations of failure to call witnesses on Hill's behalf, failure to locate and subpoena witnesses, failure to discuss issues with Hill before trial, failure to discuss trial strategy with him,

failure to introduce in evidence documents he had available at trial, failure to allow Hill to testify, failure to object to inadmissible evidence, failure to cross-examine witnesses, lack of knowledge of trial rules and procedures, and other similar general allegations.

The defendant's trial counsel was permitted to withdraw from the case after the trial and another attorney was appointed by the court to act in his stead. At a hearing on the motion, Hill proposed to offer the testimony of additional witnesses to prove his allegations of ineffective assistance of counsel and establish his right to have the jury verdict set aside. Hill argued that if he was not allowed to present evidence and to make a proper record at a post conviction hearing to support his allegations, his statutory right to claim ineffective assistance of counsel on direct appeal would be a nullity. The trial court refused to permit the taking of additional evidence and limited argument on the motion to the record made at the trial of the defendant's case.

In *Walker v. Mitchell*, 224 Va. 568, 299 S.E.2d 698 (1983), the Supreme Court faced the issue whether a claim of ineffective assistance of counsel is cognizable on direct appeal from a criminal conviction. Citing its Rule 5:21, the counterpart to our Rule 5A:18, the court stated that it would not consider assigning error to a ruling of the trial court "unless the objection was stated with reasonable certainty at the time of the ruling." *Id.* at 570, 299 S.E.2d at 699. It observed that "[i]t would be a rare case, indeed, where counsel would raise in the trial court, and seek that court's ruling upon, his own inadequacies in representing an accused." *Id.* Such claims involve matters not appearing in the record of a criminal trial. *Id.* The ordinary trial record is not developed adequately to permit on direct appeal a fair resolution of questions involving ineffective assistance. *Id.* at 570-71, 299 S.E.2d at 699. Such a rule would inject into the criminal proceeding "tangential and confusing issues, consequently directing attention from the true fact-finding purpose of criminal trials." *Id.* at 571, 299 S.E.2d at 699.

The Supreme Court held that Walker could not raise the issue of ineffectiveness of counsel on direct appeal.

A separate habeas corpus proceeding affords both sides an opportunity to develop fully the factual and legal basis of their positions with respect to a claim of ineffective assis-

tance of counsel. Using affidavits where appropriate (Code § 8.01-660) or a plenary hearing when necessary (Code § 8.01-662), the parties can produce a complete record, one that will permit an intelligent disposition of the habeas petition both in the trial court and on appeal.

224 Va. at 571, 299 S.E.2d at 699.

However, the Court did not completely shut the door to claims of ineffective assistance of counsel on direct appeal. It said that "if the record of the criminal trial is sufficient itself to show the merit or lack of merit of a habeas petition, the case may be determined upon the record alone." *Id.* at 571, 299 S.E.2d at 699. Further, Code § 8.01-654(B) (4) provides that in the event the claims of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record. Thus, both *Walker* and Code § 8.01-654(B)(4) recognize that there may be instances where the trial record is sufficient for a trial or appellate court to grant relief to the petitioner, but neither makes any provision for the taking of additional evidence to supplement the trial record.

Perhaps in response to *Walker*, Code § 19.2-317.1 was enacted in 1985:

A claim of ineffective assistance of counsel may be raised on direct appeal if assigned as error and if all matters relating to such issues are fully contained within the record of the trial.

Since its enactment, the Supreme Court has had several occasions to discuss the effect of Code § 19.2-317.1 upon the issue of ineffective assistance of counsel. In *Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986), the Court said:

In view of the seriousness of a charge of ineffective assistance, counsel is entitled to the opportunity to state his reasons for his acts of commission and omission now subjected to challenge. On the other hand, we will not rule as a matter of law, upon this record, that counsel's conduct was consistent with reasonable trial strategy and therefore was not in-

effective. We will not impute to counsel a certain rationale and thereby deny the defendant the opportunity to demonstrate, by evidence which might be obtained in a plenary hearing, that counsel had no such tactical basis for his actions.

*Id.* at 400, 345 S.E.2d at 288; *see also Correll v. Commonwealth*, 232 Va. 454, 470, 352 S.E.2d 352, 362, *cert. denied*, 107 S. Ct. 3219 (1987) (a claim of ineffective counsel cannot be resolved on direct appeal "unless counsel charged with ineffectiveness has had an opportunity to defend himself on the record by giving the rationale for his challenged acts of omission or commission"); *Beaver v. Commonwealth*, 232 Va. 521, 537-38, 352 S.E.2d 342, 351-52, *cert. denied*, 107 S. Ct. 3277 (1987); *Payne v. Commonwealth*, 233 Va. 460, 475, 357 S.E.2d 500, 509, *cert. denied*, 108 S. Ct. 308 (1987); *Payne v. Commonwealth*, 5 Va. App. 498, 504, 364 S.E.2d 765, 768 (1987). None of these cases has addressed the issue whether the trial court is permitted to take additional evidence to support an allegation of ineffective assistance of counsel.

Both *Walker* and Code § 8.01-654(B)(4) clearly envision that there may be some cases in which the trial record will be sufficient for a determination of whether counsel was ineffective and further testimony is not necessary to resolve the issue. In *Correll*, the Supreme Court "acknowledge[d] the possibility that errors so egregious as to preclude explanation may appear in the record of some future appeal." 232 Va. at 470, 352 S.E.2d at 362. We find that Code § 19.2-317.1 was enacted to provide a defendant with an opportunity for immediate relief rather than requiring him to pursue the habeas corpus route in cases where the incompetence of counsel is so egregious as to preclude an adequate explanation and all matters pertaining to such issue are fully contained within the record of the trial. In those cases where ineffectiveness is not apparent in the trial record, a defendant's only remedy is a habeas corpus proceeding. Hill does not claim that the trial record is sufficient to prove the ineffectiveness of his counsel. He contends, rather, that if permitted the opportunity to present evidence, he could demonstrate ineffectiveness of his counsel. This is a procedure appropriate for habeas corpus, and we hold that his case should follow the traditional route.

The dissenting opinion contends that there is no rational basis for differentiating between an ineffective assistance of counsel claim and any other post-verdict motion to set aside a verdict which would require an evidentiary hearing. The dissent maintains that if Code § 19.2-317.1 is to be of any import, trial courts must have the discretion to conduct evidentiary hearings in order to address questions of ineffective counsel. In *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1984), *cert. denied*, 419 U.S. 1108 (1975), the Supreme Court held that Parrigan was not entitled to circumvent the trial and appellate processes in a habeas corpus proceeding. Since the constitutional issue involved could have been raised and adjudicated at Parrigan's trial, he had no standing to attack his final judgment of conviction by habeas corpus. *Id.* at 30, 205 S.E.2d at 682; *see also Walker*, 224 Va. at 571, 299 S.E.2d at 699. Applying the *Parrigan* holding, if Hill could assert his claim of ineffective assistance of counsel through the procedure of a post-trial motion, he might be foreclosed from asserting the claim in a later habeas corpus proceeding. A separate habeas corpus proceeding gives both sides an opportunity to fully develop the facts and legal basis of an ineffective assistance of counsel issue. We decline to adopt a position that might, in many cases, restrict the defendant's right to pursue a claim in habeas corpus.

By amendment to Code § 17-116.05:1(B), effective July 1, 1985, "the General Assembly terminated the jurisdiction of this Court to hear and determine appeals from a final decision, judgment or order of a circuit court involving a petition for a writ of habeas corpus." *White v. Garraghty*, 2 Va. App. 117, 122, 341 S.E.2d 402, 405 (1986). The clear legislative intent embodied in the 1985 amendment was that habeas corpus cases on appeal from the circuit courts should go directly to the Supreme Court. At the same session, also effective July 1, 1985, the General Assembly passed Code § 19.2-317.1, stating that "a claim of ineffective assistance of counsel may be raised on direct appeal if assigned as error and if all matters relating to such issue are fully contained within the record of the trial." We find within these statutes no intent on the part of the General Assembly to intermingle the procedures of a criminal case with those of the civil habeas corpus proceeding, except under the limited circumstance that all matters are fully contained in the traditional trial record. We do not believe that the General Assembly would terminate our habeas corpus jurisdiction and, at the same session, pass a statute des-

tined to permit practically unlimited appeals to us in an area where habeas corpus petitions are most prevalent.

From a practical standpoint, the procedure followed at a post-conviction hearing would be exeedingly awkward and cumbersome. Trial counsel would be forced to withdraw from the case in anticipation of being called as a witness. New counsel would have to be employed or appointed, and given time to become familiar with the facts of the case and the ruling of the trial court. The trial record would have to be transcribed. Counsel would need more time to study the transcript, interrogate and subpoena witnesses, in some cases employ expert witnesses, and otherwise prepare for the hearing. Anything less would be unfair to the defendant. The hearing on the post-conviction motion would entail a delay in sentencing or in enforcing the sentence. Thus, a convicted criminal would be on the street or perhaps in a local jail instead of the penitentiary until the completion of this proceeding. Perhaps more important from the defendant's point of view, direct appellate review of any other issues he wishes to raise would be delayed.

■ The General Assembly did not intend this result when it passed Code § 19.2-317.1. The words "within the record of the trial" refer to the record of the trial of the defendant upon the charges against him, not to a trial of his attorney made at the conclusion of the traditional trial. For these reasons, we believe that this type of post-conviction motion is different from other post-conviction motions related to matters raised at trial and contained within the trial record.

We conclude that the trial court did not err in refusing to allow Hill to introduce additional evidence on the wide range of issues he raised. Furthermore, since the record contains no explanation from trial counsel for the actions which prompted Hill's claim of ineffective assistance of counsel, we will not entertain these issues on direct appeal. No unfairness ensues from the refusal to allow the introduction of additional evidence in a post-trial proceeding because Hill has available to him his habeas corpus remedy.

For the reasons stated, we find no error and affirm.

*Affirmed.*

Koontz, C.J., Baker, J., Coleman, J., Hodges, J., Keenan, J., and Moon, J., concurred.

Barrow, J., concurring in part, dissenting in part.

Efficiency dictates that an assertion of ineffective assistance of counsel should be addressed in a post-trial motion for a new trial. Such a claim, presented in an original trial proceeding and reviewed on direct appeal, is a faster, simpler means of reviewing a criminal conviction and bars a later collateral attack in a petition for a writ of habeas corpus. This, I believe, was the intent of Code § 19.2-317.1.

Usually, a claim of ineffective assistance of counsel cannot be asserted in a direct appeal because the attorney representing the defendant also represented him in the trial court and because the factual basis for the assertion does not appear in the trial record. *Walker v. Commonwealth*, 224 Va. 568, 570-71, 299 S.E. 2d 698, 699 (1983). In this case, however, the defendant was represented at his post-trial motion by an attorney other than the one who represented him at trial. If the trial court had allowed the defendant to present evidence in support of his claim, the defendant would have overcome the second obstacle, the lack of a record.

If a complete record had been made at a post-trial hearing, the issue of ineffective assistance of counsel would have been resolved more efficiently. The same trial judge who had heard the trial probably would have heard the post-trial motion. The trial attorney, members of his staff, and others who might have been able to shed light on the merits of the allegations would have been available and their memories fresher. All of the issues would have been resolved in one timely trial proceeding, and reviewed in one single appeal. Instead, because of this court's ruling they must now be considered in two separate trial and appellate proceedings, one of which will be hampered by the passage of additional time.

In my judgment, the General Assembly did not intend this result when it enacted Code § 19.2-317.1. This statute was enacted soon after the Supreme Court announced a rule limiting the litigation of claims of ineffective assistance of counsel to habeas corpus proceedings. *Walker*, 224 Va. at 570, 299 S.E.2d at 699. The effect of the General Assembly's action was to overturn the rule adopted by the Supreme Court and make the issue of ineffective

assistance of counsel a proper subject for review on direct appeal. *See Frye v. Commonwealth*, 231 Va. 370, 399, 345 S.E.2d 267, 287 (1986).

The General Assembly did not, as the majority contends, limit this review to cases where the claim could be resolved solely on the basis of the trial transcript. The limitation of Code § 19.2-317.1 is the same as in every case on appeal: "all matters relating to such issue . . . [must be] fully contained within the record of the trial." The "record of the trial" includes not only the trial transcript but "the transcript of any proceeding . . . when made a part of the record as provided in Rule 5A:8." Rule 5A:7; *see also Washington v. Commonwealth*, 216 Va. 185, 188-89, 217 S.E.2d 815, 820 (1975).

Therefore, under the Rules of Court a complete record concerning the question of ineffectiveness of trial counsel can be developed in post-trial proceedings. A motion for a new trial is a well recognized procedure attacking an erroneous judgment, *Akers v. Commonwealth*, 155 Va. 1046, 1057, 156 S.E. 763, 767 (1931), and is often based on matters not appearing in the trial transcript. *See Powell v. Commonwealth*, 133 Va. 741, 112 S.E.2d 657 (1922)(after discovered evidence); *Commercial Union Ins. Co. v. Moorefield*, 231 Va. 260, 261, 343 S.E.2d 329, 330 (1986)(juror misconduct). Moreover, if such a motion is based on matters occurring outside the trial, an evidentiary hearing may be required to ascertain the merits of the motion. *See Evans-Smith v. Commonwealth*, 5 Va. App. 188, 210, 361 S.E.2d 436, 449 (1987). Similarly, transcripts of an evidentiary hearing concerning trial counsel effectiveness can be made a part of the trial record. Rule 5A:8.

There is no practical difference between a pretrial motion alleging ineffective assistance of counsel and a post-trial motion doing so. If a defense attorney moves, before trial, to withdraw as counsel because of a conflict of interest, and the trial judge denies the motion, the ruling is subject to review on direct appeal. *See, e.g., Holloway v. Arkansas*, 435 U.S. 475, 481 (1978). If the attorney does not make such a pretrial motion and, after conviction, the defendant obtains another attorney who then asserts ineffective assistance of counsel because of the trial attorney's conflict of interest, the issue should be considered and reviewed in the same proceeding without resort to a separate habeas corpus action.

The opportunity to consolidate the issue of ineffective assistance of counsel with the other post-trial issues is available only when a new attorney has been obtained after trial. Trial counsel cannot be expected to zealously argue the issue of his own ineffectiveness. *See Frye*, 231 Va. at 399, 345 S.E.2d at 287. If, however, genuine issues of ineffectiveness of counsel arise after trial, the court may appoint counsel to represent the defendant in lieu of or in addition to trial counsel. *See, e.g., Correll v. Commonwealth*, 232 Va. 454, 469, 352 S.E.2d 352, 361 (1987); *Beaver v. Commonwealth*, 232 Va. 521, 537, 352 S.E.2d 342, 351, *cert. denied*, 107 S. Ct. 3277 (1987); *Frye*, 231 Va. at 399, 345 S.E.2d at 287.

This does not mean, as the majority opinion fears, that we would be confronted with "practically unlimited appeals." A trial attorney would have no basis for withdrawing from a case unless the issue of ineffectiveness were raised by the defendant or by his own opinion based on the facts of the case. *See Code of Professional Responsibility* DR 7-102(2) (1988). Similarly, a trial court would have no basis for substituting counsel or adding additional counsel unless the issue of ineffectiveness were appropriately raised. Since the issue can only be considered where new counsel has been employed, it would only be raised in a limited number of cases.

Allowing the defendant to fully assert his right to effective assistance of counsel in a post-trial motion would provide a valuable screening mechanism. The doubling of criminal appeals over the last decade has forced appellate courts to develop methods to better manage their continually increasing caseloads. Chapper & Hanson, "Taking the Delay Out of Criminal Appeals," 27 *The Judges J.* 7, 7-9 (Winter 1988). Many of these methods depend upon screening techniques that identify those cases requiring more thorough treatment than others. *Id.* at 9. Permitting the issue of ineffective assistance of counsel to be resolved in the original proceeding would tend to identify those cases requiring more thorough examination. Those cases in which the issue is significant enough to be recognized before appeal would have more probability of merit and would be disposed of more promptly than those in which the issue were raised later. Those cases in which the issue is not raised until after appeal would have less probability of merit and would be considered separately from the appeal and, consequently, disposed of with less dispatch.

Efficiency would be further enhanced because such a post-trial motion would bar a later habeas corpus petition. An issue may not be raised in a habeas corpus petition if it could have been raised and adjudicated at trial and on appeal. *Slayton v. Parrigan*, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975). A defendant with new counsel who is given an opportunity to present evidence on the question of the ineffectiveness of his trial attorney will, therefore, not be able to raise the question again in a later habeas corpus petition. But, if there were no change of counsel and no opportunity to make a record on the issue of ineffectiveness of counsel, the question would remain a viable issue for consideration in a petition for a writ of habeas corpus.

Although I dissent, for the reasons stated, from the majority's decision that the trial court did not err in denying the defendant an opportunity to present evidence to support his motion for a new trial, I concur in its conclusions that the evidence was sufficient to support the defendant's conviction and that the record was insufficient to determine if he was denied his right to effective assistance of counsel. Instead of affirming the conviction, however, I would vacate the conviction and remand it for an evidentiary hearing on the defendant's motion for a new trial, with instructions either to reinstate the conviction if the defendant failed to establish that he had been denied his right to effective assistance of counsel or, if he established that he had been so denied, to order a new trial.

Benton, J., joined by Duff, J., concurring in part, dissenting in part, and concurring in the judgment affirming the conviction.

The record does not support Hill's assertion that Kreisheimer testified as an expert witness. The Commonwealth did not proffer Kreisheimer as an expert witness, nor did the trial judge rule that Kreisheimer was qualified as an expert witness. Accordingly, I join in those parts of the opinion which hold (1) that the trial judge did not err in permitting Kreisheimer to testify concerning the identity of the substance he purchased from Hill, and (2) that the evidence was sufficient to permit the jury to find Hill guilty beyond a reasonable doubt.

Hill also contends that he was denied the right to effective assistance of counsel guaranteed under the sixth amendment, and, as a related argument, he contends that the trial judge erred in refus-

ing to consider evidence in support of a post-conviction motion to set aside the verdict on the ground of ineffective counsel. The trial judge held that Code § 19.2-317.1 prohibited a post-trial hearing on the issue of ineffective assistance of counsel. Although I believe that upon an exercise of sound discretion the trial judge could have denied Hill a post-trial evidentiary hearing, I disagree with the trial judge's conclusion, affirmed by the majority, that Code § 19.2-317.1 bars a post-trial evidentiary hearing.

Code § 19.2-317.1 allows this Court to entertain claims of ineffectiveness of counsel on direct appeal if all matters relating to this issue are fully contained within the record of trial. In *Correll v. Commonwealth*, 232 Va. 454, 470, 352 S.E.2d 352, 362, *cert. denied*, 107 S. Ct. 3219 (1987), our Supreme Court stated that "[a]s a general rule, unless counsel charged with ineffectiveness has had an opportunity to defend himself on record by giving the rationale for his challenged acts of omission or commission, we will not consider the issue on direct appeal." *See also Beaver v. Commonwealth*, 232 Va. 521, 537, 352 S.E.2d 342, 351, *cert. denied*, 107 S. Ct. 3277 (1987).

Alleging trial conduct and other circumstances that he believed demonstrated that his trial counsel provided him with ineffective assistance, Hill filed a timely motion to set aside the verdict. On the day scheduled for the post-trial hearing, Hill was represented by new counsel and Hill's former trial counsel was in the courtroom for the purpose of giving testimony at the hearing. In holding that the trial judge had no discretion to conduct a post-trial evidentiary hearing, the majority enunciates a rule which precludes any possibility that the record will ever contain trial counsel's explanation in defense of his actions. *But cf. Correll*, 232 Va. at 469-71, 352 S.E.2d at 361-62. For all practical purposes, the majority's ruling renders Code § 19.2-317.1 superfluous because, despite the majority's stated willingness to permit a direct appeal in an egregious case, there will be few, if any, cases where an adequate explanation justifying counsel's performance cannot be envisioned.

I do not find, in either Code § 19.2-317.1 or the case law, a prohibition against the trial judge's exercise of discretion to determine whether an evidentiary hearing is warranted. There is no language in the statute suggesting that the General Assembly intended that direct appeals of claims of ineffective assistance of

counsel would be an illusive, hollow right. Furthermore, when this Court in *Payne v. Commonwealth*, 5 Va. App. 498, 504, 364 S.E.2d 765, 768 (1987), recently addressed the issue of review of the record on direct appeal to determine whether counsel has been ineffective, we neither intimated that the trial judge was required in all circumstances to conduct a post-trial hearing whenever a defendant raised a post-trial claim that his counsel was ineffective, nor suggested that the trial judge was barred from conducting such a hearing. Nothing in the decisions of either the Supreme Court or this Court concerning Code § 19.2-317.1 compels the result that the majority reaches today. *See Payne v. Commonwealth*, 233 Va. 460, 357 S.E.2d 500, *cert. denied*, 108 S. Ct. 308 (1987); *Beaver v. Commonwealth*, 232 Va. 521, 352 S.E.2d 342, *cert. denied*, 107 S.Ct. 3277 (1987); *Correll v. Commonwealth*, 232 Va. 454, 352 S.E.2d 352, *cert. denied*, 107 S. Ct. 3219 (1987); *Frye v. Commonwealth*, 231 Va. 370, 345 S.E.2d 267 (1986); *Payne v. Commonwealth*, 5 Va. App. 498, 364 S.E.2d 765 (1988); *Dowell v. Commonwealth*, 3 Va. App. 555, 351 S.E.2d 915 (1987).

In asserting that *Walker v. Mitchell*, 224 Va. 568, 299 S.E.2d 698 (1983), "did not completely shut the door to claims of ineffective assistance of counsel on direct appeal," the majority opinion misinterprets both *Walker* and Code § 8.01-654. In *Walker*, our Supreme Court recognized the availability of habeas corpus remedies specified in Code § 8.01-654, 224 Va. at 571, 299 S.E.2d at 699, and stated "that in the interests of both the Commonwealth and the accused, the ends of justice dictate the adoption of a rule restricting to habeas corpus proceedings the litigation of claims of ineffective assistance of counsel." *Id.* at 570, 299 S.E.2d at 699. Thus, for policy reasons, the Supreme Court unequivocally relegated issues of ineffectiveness of counsel to habeas corpus proceedings.

Although *Walker* involved a direct appeal from a criminal trial, the Supreme Court did discuss the habeas corpus statute. However, the Court in no way intimated that Code § 8.01-654(B)(4) permitted a direct appeal of the question of ineffectiveness of counsel occurring during a criminal trial. The majority opinion simply misinterprets the import of the *Walker* discussion concerning Code § 8.01-654(B)(4). Code § 8.01-654 by its plain language specifically governs habeas corpus proceedings, not criminal trials.

Furthermore, by enacting Code § 19.2-317.1, the General Assembly effectively overruled the *Walker* decision. Consequently, neither *Walker* nor Code § 8.01-654 controls the precise issue before us.[1]

In addition, nothing in the text of Code § 19.2-317.1 suggests that the statute applies only to ineffective assistance claims that are deemed egregious, apparent, or evident on the face of the trial record. In *Correll* the Supreme Court merely "acknowledge[d] the possibility that errors so egregious as to preclude explanation may appear in the record of some future appeal." 232 Va. at 470, 352 S.E.2d at 362. In so doing, the Supreme Court did not restrict the application of Code § 19.2-317.1 to cases involving only egregious errors. To raise the question on direct appeal, it is only necessary that "all matters relating to [the claim of ineffective assistance of counsel] are fully contained within the record of the trial." Code § 19.2-317.1. Thus, in order to reconcile the statutory right conferred by Code § 19.2-317.1 with the condition enunciated in *Beaver* and *Correll* (that counsel have an opportunity to explain the challenged conduct), the record of the criminal trial in which the challenged conduct is not "so egregious as to preclude explanation" must necessarily be supplemented once the proper

---

[1] The majority opinion, citing *White v. Garraghty*, 2 Va. App. 117, 122, 341 S.E.2d 402, 405 (1986), is also premised in part on the erroneous conclusions that in 1985 the General Assembly *terminated* the appellate jurisdiction of the Court of Appeals over habeas corpus proceedings and that the 1985 amendment to Code § 17-116.05:1(B) by implication sheds light upon the General Assembly's intent in enacting Code § 19.2-317.1. The 1985 amendment to Code § 17-116.05:1(B) was intended to make clear that the Court of Appeals was not given appellate jurisdiction over habeas corpus proceedings initiated in circuit courts. That amendment was necessitated because, despite the clear language of Code § 17-116.05:1(a) as it was originally enacted ("Any aggrieved party may present a petition for appeal to the Court of Appeals from any final *conviction* in a circuit court of a traffic infraction or a *crime*. . . ."), habeas corpus appeals were transferred to this Court under the authority of the statute. *See Titcomb v. Wyant*, 228 Va. lvii, 323 S.E.2d 800 (1984); *Peterson v. Bass*, 2 Va. App. 314, 316-18, 343 S.E.2d 475, 476-78 (1986). The amendment to the statute merely stated the obvious: a circuit court's denial of habeas corpus relief is not a "final conviction in a circuit court of a . . . crime." Code § 17-116.05:1(A).

On the other hand, Code § 19.2-317.1 legislatively reversed the holding of *Walker v. Mitchell*, 224 Va. 568, 299 S.E.2d 698 (1983). That statute embodies the legislative determination that the question of ineffectiveness of counsel need not always be relegated to habeas corpus proceedings but may be raised on direct appeal. The amendment to Code § 17-116.05:1 (B) imparts no wisdom concerning the legislative intent with respect to the adoption of Code § 19.2-317.1.

foundation has been laid.

While I share the concern expressed in the majority that a post-trial motion for a new trial may present a less favorable forum than a habeas corpus proceeding for litigating questions of ineffectiveness of counsel, it is clear to me that the General Assembly intended to provide an optional forum in which to proceed. Furthermore, Code § 19.1-317.1 is permissive ("a claim of ineffectiveness . . . may be raised on direct appeal if assigned as error") and generally should not cause the rule of *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975), to be invoked, precisely because (1) trial counsel typically does not (and rationally could not be expected to) assign his or her own conduct as error and (2) the requirements of *Correll* and *Beaver* act as a limitation upon the ability of the defendant to pursue the issue on direct appeal if new counsel is obtained at the appeal stage. According to *Beaver* and *Correll*, direct appeal of the question of ineffectiveness of counsel is contingent upon an explanation on the record by trial counsel whose conduct is challenged. Such an explanation can only be dispensed with if counsel's behavior was so egregious as to not require explanation.

The decision whether to hold a hearing following a timely motion for a new trial in order to permit inquiry concerning trial counsel's challenged conduct must be committed to the sound discretion of the trial judge, giving consideration to the facts and circumstances of each case. Factors such as potential delay, the nature and extent of the allegations to be considered, the familiarity of the trial judge with the particular circumstances complained of, and the ability of the defendant to address the issues adequately at that time and in that forum, while not all inclusive, must guide the trial judge's decision. The trial judge's decision granting or denying such a motion should not be disturbed, absent an abuse of discretion. *See Bell v. Kirby*, 226 Va. 641, 643, 311 S.E.2d 799, 800 (1984) (whether new trial should be granted is a matter within discretion of the trial judge which will be upheld unless some injustice has been done); *see also First National Bank in Marlinton v. Blackhurst*, 345 S.E.2d 567, 574 (W. Va. 1986)(question whether new trial should be granted due to strategy of counsel rests in discretion of trial judge).

The circumstances surrounding Hill's post-trial motion illustrate precisely the reason why the trial judge must be allowed to

exercise sound judicial discretion in determining whether to conduct an evidentiary hearing for purposes of considering ineffectiveness of counsel claims on a motion for a new trial. Hill's motion for a new trial alleging ineffectiveness of his trial counsel was filed one year from the date of the jury's verdict. The motion contained twenty separate claims upon which Hill based his allegation of ineffectiveness of trial counsel. Those allegations included: failure to locate or attempt to locate and subpoena possible witnesses for trial; failure to discuss issues and strategy with defendant before and during trial; trial counsel's attempts to convince the defendant to enter a guilty plea; failure to object to evidence; inexcusable overall performance before and during trial; and failure adequately to investigate legal and factual defenses. Had the trial judge proceeded to hear testimony and take other evidence on the twenty claims alleged in the motion, such a proceeding would have entailed a virtual relitigation of the concluded trial. The disposition of this matter in the circuit court would have delayed direct review of the remaining issues of this case.

Furthermore, Hill alleged several matters relating to his claim of ineffective assistance that were fully contained in the record, along with many other matters that were not. It would not have been an abuse of discretion for the trial judge to have concluded that it was inappropriate, inefficient, or against Hill's interest to sever the claims, hearing only those contained in the record as permitted by Code § 19.2-317.1, while deferring to a habeas corpus proceeding those matters not fully contained in the record.

On the other hand, in those cases in which a defendant files a timely motion for a new trial based upon a claim of ineffective assistance and the trial judge determines that the claim can promptly be resolved by considering trial counsel's "rationale for his challenged acts of omission or commission," *Correll*, 232 Va. at 470, 352 S.E.2d at 362, the trial judge must have the discretion, in accordance with the factors stated above, to conduct an evidentiary hearing to determine whether a new trial is warranted. To hold otherwise would not only effectively render Code § 19.2-317.1 a nullity, but would also deprive the trial judge of the general authority to exercise discretion in determining whether to grant a new trial due to irregularities in the record. *See Fout v. Commonwealth*, 199 Va. 184, 192, 98 S.E.2d 817, 823 (1957); *Lewis v. Commonwealth*, 193 Va. 612, 625, 70 S.E.2d 293, 301,

*cert. denied*, 344 U.S. 880 (1952).

The rationale advanced by the trial judge, and approved by the majority, for not holding an evidentiary hearing in this case is based upon an interpretation of Code § 19.2-317.1 that would bar trial judges from hearing evidence of ineffectiveness in all cases. Thus, the decision also would preclude an explanation, as alluded to in *Beaver* and *Correll*, by trial counsel of the challenged conduct. For those reasons, I cannot join in that portion of the opinion. Upon the circumstances of this case as detailed above, however, I conclude that in the proper exercise of sound judicial discretion, the trial judge would have reached the same result. Therefore, the trial judge did not err in refusing to allow the introduction of additional evidence on the wide range of issues that Hill alleged.

In the absence of trial counsel's explanation on the record concerning the claims of ineffective assistance of counsel, this Court cannot entertain that claim on direct appeal. *See Beaver*, 232 Va. at 537, 352 S.E.2d at 351. Hill still has available the remedy of pursuing his claim of ineffectiveness of counsel by a habeas corpus proceeding. Accordingly, no unfairness ensued from the refusal to allow the introduction of additional evidence at the post trial proceeding.

For these reasons, I would also affirm the conviction.