**Alexandria**

CALVIN HINTON

v.

COMMONWEALTH OF VIRGINIA

No. 0746-91-2

Decided September 8, 1992

COUNSEL

Charles C. Cosby, Jr. (Andrea C. Long; Boone, Beale, Carpenter & Cosby, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BRAY, J.**—Calvin Hinton (defendant) was convicted of distribution of cocaine and sentenced in accordance with the jury's verdict to five years imprisonment. On appeal, he contends that the Commonwealth failed to prove the corpus delicti of the charge. We agree and reverse.[1]

The evidence disclosed that, while "on routine patrol" during the early morning hours of October 8, 1990, Deputy Sheriff T. E. Gibbs (Gibbs) observed defendant "standing . . . beside the driver's door" of a "Jeep," "apparently talking to the person inside." Suddenly, "[s]omeone yelled, '5-0,' " the "Jeep pulled off at a high rate of speed" and defendant "ran." Gibbs then "pursued," stopped and searched the vehicle, discovering "five small vials" which contained only a "white residue."

Terry Taylor (Taylor), the operator of the Jeep, testified that she had purchased three "plastic containers" of "cocaine" from defendant and "smoke[d] it with a can" just before she "was stopped." She recalled that Gibbs "confiscated" both the containers and the "can" during his search of her vehicle. The certificate of analysis (certificate) introduced at trial identified an "aluminum can" and "[f]ive (5) plastic vials" as "[e]vidence [s]ubmitted" by Gibbs. It reported the presence of "[c]ocaine" on the can, but noted that the vials were "[n]ot analyzed." When Gibbs testified, however, he made no mention of any can and only the vials were identified and admitted into evidence.[2]

Defendant argues that this evidence failed to sufficiently relate any cocaine to either defendant or the alleged offense and, therefore, the requisite corpus delicti of the crime was not proven.

---

[1] As we reverse on this issue, we do not address defendant's additional assignments of error.

[2] Responding to defendant's motion to strike, the Commonwealth's Attorney advised the court that the can was "not returned [by the laboratory], no explanation."

 The corpus delicti of an offense "'is the fact that the crime charged has been actually perpetrated. It is the body or substance of the crime,'" and "'consists not merely of an objective crime, but of the defendant's agency in the crime.'" *Baughan v. Commonwealth*, 206 Va. 28, 32-33, 141 S.E.2d 750, 754 (1965) (quoting *Lucas v. Commonwealth*, 201 Va. 599, 603, 112 S.E.2d 915, 918 (1960)). Manifestly, a successful drug prosecution must establish both the existence of a proscribed substance and an accused's unlawful activity with respect to it. However, the "nature of the illegal substance . . . need not be proved by direct evidence," and "[u]sers and addicts, if they have gained a familiarity or experience with a drug may . . . testify as to the identification of [that drug] after previous use has been demonstrated." *Hill v. Commonwealth*, 8 Va. App. 60, 63, 379 S.E.2d 134, 136 (1989) (en banc).

In *Hill*, this Court affirmed a conviction for possession of cocaine with intent to distribute, although the drug "was not produced at trial nor was any analysis of the substance admitted in evidence." *Id.* The purchaser "testified that he had used cocaine approximately five hundred times," "that he had been a cocaine dealer for several years," "that the substance he purchased from [the defendant] looked like cocaine, affected him in the same manner in which cocaine affected him, and in fact was cocaine." *Id.* at 64, 379 S.E.2d at 136; *see also Myrick v. Commonwealth*, 13 Va. App. 333, 340, 412 S.E.2d 176, 180 (1991). The Court found this evidence, corroborated by "admissions" of the accused and "other circumstantial evidence," sufficient to prove that the substance was cocaine. *Hill*, 8 Va. App. at 63, 379 S.E.2d at 136.

In the instant case, however, Taylor did not identify the "cocaine" by describing its appearance, the manner in which it affected her, her previous "familiarity or experience" with the drug or provide other foundation for her conclusion that it was, in fact, the substance purchased from defendant. Thus, Taylor's testimony was simply insufficient to prove that defendant distributed cocaine to her.

Although the certificate described an aluminum can which contained a residue of the drug, this can was not admitted into evidence, it was never identified by Taylor, and Gibbs never mentioned it in his testimony. Such evidence does not support even a reasonable inference that it was the same can referenced in Taylor's testimony.

Where the Commonwealth's proof is "wholly circumstantial," "the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty." *Person v. Commonwealth*, 10 Va. App. 36, 38-39, 389 S.E.2d 907, 909 (1990) (quoting *O'Brien v. Commonwealth*, 4 Va. App. 261, 263, 356 S.E.2d 449, 450 (1987)). This Court is "not at liberty to relax 'the requirement that the State must establish the existence of the *corpus delicti* and prove its case beyond a reasonable doubt by admissible evidence.'" *Leybourne v. Commonwealth*, 222 Va. 374, 377, 282 S.E.2d 12, 14 (1981) (quoting *Pepoon v. Commonwealth*, 192 Va. 804, 812, 66 S.E.2d 854, 859 (1951)).

Accordingly, the judgment of the trial court is reversed.

*Reversed and final judgment.*

Duff, J.,* and Willis, J., concurred.

---

* Judge Duff participated in the hearing of this case prior to the effective date of his retirement on September 1, 1992 and thereafter by designation pursuant to Code § 17-116.01.