COURT OF APPEALS OF VIRGINIA

Present:  Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia


WILLIAM J. HILL, SR.
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2345-93-3     JUDGE LARRY G. ELDER
                                         JULY 5, 1995
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                         James F. Ingram, Judge


            Charles C. Cosby, Jr. (Andrea C. Long; Boone, Beale,
            Carpenter & Cosby, on brief), for appellant.

            Thomas C. Daniel, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on brief),
            for appellee.



        William J. Hill, Sr. (appellant) appeals his two convictions

for obtaining the controlled substances Cephalexin and Lomotil by

fraud, deceit, misrepresentation, or subterfuge, in violation of

Code § 18.2-258.1.  Appellant contends that the evidence was

insufficient to support the convictions.  Specifically, appellant

asserts that the Commonwealth (1) failed to prove the nature of

the substances where no chemical analyses were performed; (2)

failed to prove the requisite intent necessary to support the

convictions; and (3) improperly charged him under Code

§ 18.2-258.1.  Because the trial court committed no error, we

affirm the convictions.

        Appellant's November 22, 1993 convictions stem from two

        [*]Pursuant  to  Code  §  17-116.010  this  opinion  is  not
designated for publication.

separate incidents when he obtained the prescription drugs Cephalexin and Lomotil from the Super-X pharmacy in Danville, where he worked as a pharmacist.

Cephalexin, a schedule VI controlled substance, was validly prescribed to appellant on May 6, 1991, to treat his continuing nose infection. On November 14, 1992, appellant dispensed an additional prescription with a notation that one further refill was authorized. Appellant admitted at trial that he refilled the Cephalexin prescription himself, that this refill "was not authorized" by the prescribing doctor, but that he honestly thought it would be "alright with the doctor if [he] updated this prescription."

Lomotil, a schedule V controlled substance, was validly prescribed to treat appellant's wife's intestinal problems on March 21, 1991. On December 28, 1992, appellant dispensed an additional prescription, without permission, using the name of the original prescribing doctor's nurse. Although he admitted updating the Lomotil prescription, appellant maintained that he had no intent to commit fraud and that the drug was dispensed for valid therapeutic purposes.

After learning that the pharmacy may have discovered his actions, appellant obtained additional prescriptions on January 6, 1993, from another physician for Lomotil and Keflex (a brand name of the generic drug Cephalexin) to attach to the original prescriptions. Appellant admitted that he secured the

2

prescriptions from this physician to "pacify the pharmacy."

As a preliminary matter, we disagree with the Commonwealth that this appeal is barred by the doctrine of judicial estoppel. We recognize that "a defendant in a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts." Commonwealth v. Beavers, 150 Va. 33, 38, 142 S.E. 402, 403 (1926). However, the record reveals that appellant never conceded during or after trial that he was guilty of the crimes charged; appellant conceded only that he "was guilty of something" and that he "broke the law."

First, we hold that it was unnecessary for the Commonwealth to produce drug analysis reports to prove that the substances appellant obtained were actually Cephalexin and Lomotil. Circumstantial evidence is sufficient to allow the fact finder to infer the nature of the substance in question. See Hinton v. Commonwealth, 15 Va. App. 64, 66, 421 S.E.2d 35, 37 (1992); Hill v. Commonwealth, 8 Va. App. 60, 64, 379 S.E.2d 134, 136 (1989)(en banc). In this case, proof of the substances was provided by appellant, a pharmacist himself, who, during testimony, identified the Cephalexin and Lomotil by name and admitted to obtaining the drugs to treat certain illnesses. See Hill, 8 Va. App. at 63, 379 S.E.2d at 136.

Second, we hold that the Commonwealth proved the requisite intent, namely that appellant obtained the drugs "by fraud, deceit, misrepresentation, . . . or subterfuge." Code

3

§ 18.2-258.1.  Under familiar standards of appellate review, we view the evidence and any reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Furthermore, this Court will not set aside the jury's verdict unless it is plainly wrong or without evidence to support it.  Maynard v. Commonwealth, 11 Va. App. 437, 439, 399 S.E.2d 635, 637 (1990)(en banc).

As we have stated, intent may be, and frequently is, shown by circumstantial evidence.  These circumstances include a person's statements and his conduct.  Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991).  "The finder of fact may infer that a person intends the natural and probable consequences of his acts."  Id. (citing Kelly v. Commonwealth, 8 Va. App. 359, 373, 382 S.E.2d 270, 278 (1989)).

Appellant admitted that he dispensed Cephalexin and Lomotil without permission from authorized medical personnel; that he increased the dosage of the Cephalexin and used a nurse's name without her consent to obtain a refill; that he increased the amount of refills allowed; that he never contacted the original prescribing doctors to notify them of his actions; and that he used another physician to "cover" the prescriptions that he filled.  Despite the fact that appellant testified that none of his actions was committed with the intent to defraud, misrepresent, deceive, or use subterfuge, it was within the

4

jury's province to draw reasonable inferences from the proven facts. Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968). We cannot say that it was unreasonable for the jury to conclude that appellant possessed the requisite intent to commit the crimes with which he was charged.

Finally, assuming that the Commonwealth could have prosecuted appellant under Code § 54.1-3303, we hold that appellant's prosecution under Code § 18.2-258.1 was also proper and that the Commonwealth proved every element necessary to convict him. Code § 18.2-258.1 states that "any person" who illegally obtains a controlled substance is guilty of violating this statute. This language does not exempt pharmacists from the class of persons covered, and we see no reason to read this limitation into the statute's plain language. See Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3, appeal denied, 360 S.E.2d 715 (1987). While appellant exercised some form of legal control over the Super-X pharmacy's stock of drugs by nature of his employment, this control did not extend to appropriating specific drugs for his own personal use in violation of state law. See Hilb, Rogal & Hamilton Co. of Richmond v. DePew, 247 Va. 240, 246, 440 S.E.2d 918, 921 (1994)(stating that an employee's fiduciary duty to his employer prohibits the employee from acting in a manner adverse to the employer's interest). Appellant "obtained" the Cephalexin and Lomotil when they came under his personal dominion and control,

and his obtaining the drugs was predicated on providing false information in an attempt to comply with state law.

Accordingly, we affirm appellant's convictions.

<u>Affirmed.</u>