COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


MILTON NORRIS TURNER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2907-95-2    JUDGE NELSON T. OVERTON
                                      NOVEMBER 26, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
                   Joseph E. Spruill, Jr., Judge

        George W. Townsend, III, for appellant.

        Monica S. McElyea, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     Milton Norris Turner was convicted of distribution of

cocaine in violation of Code § 18.2-248.  He appeals on the

grounds that the Commonwealth did not adequately prove that the

substance in question was in fact cocaine.  For the reasons that

follow, we reverse the conviction.

     The Commonwealth had no physical evidence of the substance

procured from Turner, and therefore was not able to conduct any

laboratory analysis.  Their only evidence concerning the nature

of the substance consisted of the testimony of Cynthia Douglas.

Douglas testified that she had given some stolen beer to Turner

in exchange for crack cocaine.  To establish that it was cocaine,

the Commonwealth asked Douglas how long she had used cocaine, how

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

often, the manner of use, what it looked like, and what effect it had on her.  Then she was asked her opinion on what the substance was that she had traded for beer.

Turner argues that this is insufficient to prove that the substance was in fact cocaine.  We agree.  An addict or user may identify a substance through circumstantial evidence.  This evidence may include:

> [E]vidence of the physical appearance of the substance involved in the transaction, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that the transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence.

Hill v. Commonwealth, 8 Va. App. 60, 63, 379 S.E.2d 134, 136 (1989) (en banc) (quoting United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976)); see also United States v. Scott, 725 F.2d 43, 45-46 (4th Cir. 1984); Anderson v. Commonwealth, 215 Va. 21, 25-26, 205 S.E.2d 393, 396 (1974).  Douglas did not testify at

all as to the characteristics of the substance in this case. She did not describe the substance, nor whether its appearance was consistent with that of cocaine. She did not describe whether she used it, nor its effect, if any, and whether the effect was consistent with that of cocaine. This testimony is insufficient to prove that the substance was cocaine. See Hinton v. Commonwealth, 15 Va. App. 64, 66, 421 S.E.2d 35, 37 (1992). Furthermore, no corroborating evidence was presented to support Douglas' opinion. See id.; see also Hill, 8 Va. App. at 65, 379 S.E.2d at 137; Myrick v. Commonwealth, 13 Va. App. 333, 340, 412 S.E.2d 176, 180 (1991).

Because the Commonwealth's evidence failed to prove a distribution of cocaine beyond a reasonable doubt, we reverse.

Reversed and dismissed.