## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Michael Hensley

January 28, 2003

Case No. K102418

BY JUDGE DENNIS J. SMITH

In this case the Defendant is charged with the felony of possession of phencyclidine, ("PCP"). The Defendant filed a motion in limine seeking to exclude, on the basis of collateral estoppel, all physical objects, documents, and substances of any kind or character seized during a search of Defendant's home on May 22, 2002. This Court heard argument on January 10, 2003, and took the matter under advisement.

The following are undisputed facts. The defendant was previously charged with the misdemeanor of possession of marijuana in the General District Court for Fairfax County. In that proceeding, the General District Court found the warrant executed on May 22, 2002, invalid and suppressed all evidence seized during the search. The defendant was thereafter acquitted of the charge by a final order entered on August 26, 2002, and the PCP which the Commonwealth intends to use at trial in this matter was seized pursuant to the warrant which was held invalid by the District Court.

The doctrine of collateral estoppel prohibits the re-litigation of an ultimate issue of fact once that issue has been determined by a valid and final judgment. *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970). For the doctrine to apply, four requirements must exist: "(1) the

parties to the two proceedings must be the same;[1] (2) the factual issue sought to be litigated must have been actually litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied." *Whitley v. Commonwealth*, 260 Va. 482, 483, 538 S.E.2d 296 (2000). The party seeking the protection of collateral estoppel has the burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action. *Clodfelter v. Commonwealth*, 218 Va. 98, 106, 235 S.E.2d 340 (1977).

First, the parties in the present case are identical in that both proceedings are criminal actions brought by the Commonwealth of Virginia against Michael Hensley; so, the first element of the test is met. The second element is also met as the issue in question in both suits is the validity of the warrant used to obtain the evidence, and this issue was actually litigated in the General District Court proceeding. The fourth element is present here as the judgment of the General District Court was final and valid.

The third prong of the test requires that the issue be essential to the judgment in the prior proceeding. It is well established that the doctrine of collateral estoppel does not apply if it appears that the prior judgment could have been grounded "upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe*, 397 U.S. at 444. As a result, the doctrine of collateral estoppel is often found to be inapplicable due to the difficultly of establishing the determinative issue of the judgment in the previous case. "Since it is usually impossible to determine with any precision upon what basis the jury reached a verdict in a criminal case, it is a rare situation in which the collateral estoppel defense will be available to a defendant." *United States v. Tramunti*, 500 F.2d 1334, *cert. denied*, 419 U.S. 1079 (1974).

In this case, however, the judgment of the General District Court (dismissal of the charge) is essential to the judgment as it *necessarily flowed* from the ruling on the validity of the warrant. Regardless of what other rational basis the General District Court might have relied upon in acquitting

---

[1] The doctrine of collateral estoppel applies in both civil and criminal proceedings, but, in criminal proceedings, the parties must literally be identical, unlike civil actions in which a decision in a case involving "a party so identical in interest with another that he represents the same legal right," *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828 (1981), may be enough to implicate the estoppel. See *United States v. Safari*, 849 F.2d 891, 893 (4th Cir. 1988).

the defendant in the prior proceeding, as a consequence of its ruling on the validity of the warrant and the resultant exclusion of evidence, the court *could not* have convicted the Defendant of the charge of possession of marijuana as its decision regarding the validity of the warrant left it without the physical evidence or any chemical analysis of that evidence which would have been required to convict the defendant of that charge.

While it is true that circumstantial evidence may form the basis of a conviction for possession of a controlled substance where physical and forensic evidence are not admitted at trial, such convictions would require, "evidence of the physical appearance of the substance involved in the transaction, [or] evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, [or] evidence that the substance was used in the same manner as the illicit drug, [or] testimony that a high price was paid in cash for the substance, [or] evidence that the transactions involving the substance were carried on with secrecy or deviousness . . . [or] evidence that the substance was called by the name of the illegal narcotic by the defendant or others in his presence." *Hill v. Commonwealth*, 8 Va. App. 60, 63, 379 S.E.2d 134 (1989). In the General District court case, the officers who executed the May 22, 2002, search and seizure were the only witnesses who could testify as to the nature of the substance seized, and they would be precluded from testifying as to what they observed as their right to be in the position to make the observations stems only from the defective warrant.

Accordingly, trying Mr. Hensley based upon evidence seized during the search is barred by collateral estoppel as the General District Court previously determined that the evidence seized must be suppressed due to the invalidity of the warrant, and that decision was made in a proceeding between the Commonwealth and Mr. Hensley which resulted in a valid, final judgment.

The Defendant's motion is limine is therefore granted.