Present:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and
Agee, JJ., and Carrico, S.J.

STEPHEN CRAIG WALKER
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 060162              November 3, 2006

COMMONWEALTH OF VIRGINIA

                    FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the evidence at trial

established that the defendant was guilty of abduction in

violation of Code § 18.2-47.

     A grand jury in the Circuit Court of Virginia Beach

indicted Stephen Craig Walker for robbery, use of a firearm

during the commission of a robbery, abduction, and use of a

firearm during an abduction.  Walker pled not guilty to the

charged offenses and at the conclusion of a bench trial, he

was acquitted of robbery and the use of a firearm in the

commission of robbery, but he was convicted of abduction in

violation of Code § 18.2-47 and the use of a firearm in the

commission of abduction in violation of Code § 18.2-53.1.

     The circuit court fixed Walker's punishment at five years

imprisonment on the charge of abduction, but suspended the

entire sentence conditioned upon his good behavior and the

payment of court costs.  The circuit court fixed Walker's

punishment at three years imprisonment, as required by Code

§ 18.2-53.1, for the conviction of use of a firearm during the commission of an abduction.

Walker appealed the judgment of the circuit court to the Court of Appeals. The Court of Appeals held that the evidence was sufficient to support the circuit court's judgment, Walker v. Commonwealth, 47 Va. App. 114, 116-17, 622 S.E.2d 282, 283 (2005). We awarded Walker an appeal.

Applying well-established principles of appellate review, we must consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below. Rose v. Commonwealth, 270 Va. 3, 6, 613 S.E.2d 454, 455 (2005); Correll v. Commonwealth, 269 Va. 3, 6, 607 S.E.2d 119, 120 (2005); Zimmerman v. Commonwealth, 266 Va. 384, 386, 585 S.E.2d 538, 539 (2003); Phan v. Commonwealth, 258 Va. 506, 508, 521 S.E.2d 282, 282 (1999). When a defendant contests the sufficiency of the evidence on appeal, this Court must give the judgment of the circuit court sitting without a jury the same weight as a jury verdict. Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004); McCain v. Commonwealth, 261 Va. 483, 492, 545 S.E.2d 541, 547 (2001); Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001); Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). Additionally, this Court has the duty to

2

review the evidence and affirm the circuit court's judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it. Code § 8.01-680; Duncan, 267 Va. at 384, 593 S.E.2d at 214; Jackson v. Commonwealth, 267 Va. 178, 204, 590 S.E.2d 520, 535 (2004); McCain, 261 Va. at 492-93, 545 S.E.2d at 547; Tarpley, 261 Va. at 256, 542 S.E.2d at 763; Phan, 258 Va. at 511, 521 S.E.2d at 284.

Robert Park Merrell was employed as an automotive repossessor and investigator with Virginia Auto Recovery and in that capacity repossesses automobiles and other vehicles. On April 19, 2003, Merrell tried to repossess Walker's Chevrolet Suburban located at Walker's home in the City of Virginia Beach.

Merrell drove to Walker's home in a tow truck equipped with a video recording system. Merrell activated the video recording system when he drove onto Walker's driveway and attached Walker's vehicle to the tow truck's towing mechanism. Merrell got out of his truck and verified the identification number on Walker's vehicle. Merrell returned to his tow truck and began to drive it out of the driveway with Walker's vehicle in tow.

As Merrell was leaving, Walker returned to his home in another vehicle. Walker parked his vehicle in the middle of

the street, and a young child exited the vehicle and ran into Walker's house.  Merrell then got out of the tow truck and went to the rear of the truck.

Walker, who weighed 240 pounds and was six feet and five inches tall, got out of his vehicle.  He retrieved a handgun from the rear of his vehicle and, holding the handgun, he approached Merrell.  Merrell, who weighed between 115 and 120 pounds and was five feet and five inches tall, immediately tried to contact the police department with his cellular telephone.  Merrell testified that "as soon as [Walker] walked from the vehicle directly to me not saying a single word and he has a gun in hand, at that point in time I put my phone down. . . .  [Walker] raises the gun and says, Put it down.  I knew he was not talking about the phone."  Walker pointed the handgun at Merrell's chest and face and commanded Merrell to "[p]ut [the car] down."  Walker put the gun against Merrell's body, and Merrell grabbed the top of the gun and tried to push it away.

After Merrell pushed the gun away from his body, Walker placed the gun directly against Merrell's chest and grabbed Merrell by the belt and began to jerk him around.  Merrell testified as follows:

> "Basically, what was going on was he [Walker] had . . . the gun in my chest.  At that point in time when I had started screaming hysterically, he

4

had rocked the hammer of the gun back showing the intent that the next thing I was going to get shot. So basically that – I don't know if that was one of those – you know, how in those instances you get superscared; and you just become superhumanly, you know, strong."

Merrell told Walker that Walker did not need the gun and that Merrell was not willing "to die for the truck."

Merrell, who had a concealed weapon permit, was armed with a pistol, a knife, and bullets that were contained in two pistol magazines. While Walker was pointing his gun at Merrell, Walker yelled to Merrell to "[d]rop the gun. Drop the gun now," although Merrell had not reached for his weapon, which remained in its holster. Walker tried to remove Merrell's firearm, but Walker was unable to do so. Walker lifted Merrell in the air and carried him seven to eight feet and "literally stuffed [Merrell] into the inside of [Merrell's] truck."

Walker took Merrell's pistol from Merrell's gunbelt, and Walker directed Merrell to disengage Walker's vehicle from the tow truck. As Merrell complied, Walker told Merrell that he would have to "suffer the consequences" of repossessing someone's vehicle. After Merrell had disengaged Walker's vehicle from the tow truck, Walker permitted Merrell to leave.

Detective Vernon Jones, a Virginia Beach police officer, interviewed Walker the day of the crimes. Walker told

Detective Jones that Walker had a prior vehicle repossessed and he was not going to let it happen again. Walker had not made two payments to the financial institution that had financed his purchase of the vehicle. Walker told the detective that he "realized how stupid he was."

Walker also spoke with Officer Aris Anastasas of the Virginia Beach Police Department. Walker told Anastasas: "About one and a half years ago, I had a car repossessed; and I had to pay about $5,500 to have the situation resolved. After I paid that, they ended up selling it in an auction. I saw this, and I just snapped. I was thinking about work. I just snapped. When you guys were asking me about what happened, I see that I messed up."

Walker, relying upon this Court's decision in Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), argues that as a matter of law he cannot be guilty of abduction because he "detained Merrell for the purpose of temporarily depriving him of his property, and he did no more than was necessary to achieve that objective." Continuing, Walker argues that the so-called incidental detention doctrine that this Court discussed in Brown applies when a defendant is charged with a "detention-plus offense" and acquitted. He argues that his acquittal of the robbery charge requires dismissal of the abduction charge because the trier of fact considered the act

6

of detention incident to the robbery charge and acquitted him of that offense.  We disagree with Walker's contentions.

In Brown, we considered whether a criminal prosecution against a defendant on the charge of abduction with intent to defile, following convictions for rape and forcible sodomy in a prior trial, constituted double jeopardy when the charges arose from the same criminal episode.  Id. at 311-12, 337 S.E.2d at 712.  The defendant in Brown was convicted in the Circuit Court of Albemarle County of rape and forcible sodomy and sentenced to the penitentiary for the commission of those crimes.  Subsequently, the defendant was convicted in the Circuit Court of the City of Charlottesville of abduction with intent to defile and sentenced to the penitentiary for the commission of that crime.  During the trial of the abduction offense, the defendant made a motion to dismiss the charge on double jeopardy grounds.  The circuit court denied the motion, and this Court affirmed the judgment of the circuit court.

Applying principles of double jeopardy, we held that

> "one accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, a restraint employed in the commission of the other crime."

7

Id. at 314, 337 S.E.2d at 713-14. We also held that the defendant's subsequent conviction in Brown did not violate the double jeopardy guarantee against successive prosecutions because the evidence necessary to support the defendant's conviction in the abduction trial was not required to prove the crime of rape in the prior trial. Id. at 316, 337 S.E.2d at 715.

In the present case, unlike Brown, we are not concerned with the application of the double jeopardy clause of the Fifth Amendment to the United States Constitution that provides in part that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This constitutional guarantee is not pertinent to the resolution of this appeal because Walker was not convicted of the robbery charge. We hold that our ruling in Brown regarding incidental detention only applies when a defendant is convicted of two or more crimes arising out of the same factual episode and, thus, the guarantee of double jeopardy may be implicated.[*] Since Walker was only convicted of one crime, abduction, the incidental detention concept has no application in the case at bar.

---

[*] In view of our holding, we need not consider the Court of Appeals' application of Hoyt v. Commonwealth, 44 Va. App. 489, 605 S.E.2d 755 (2004), and we express no opinion on that decision.

8

Now, we must consider whether the Commonwealth presented sufficient evidence to support Walker's conviction of abduction.  Code § 18.2-47 states in relevant part:

> "A.  Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes the person of another, with the intent to deprive such other person of his personal liberty or to withhold or conceal him from any person, authority or institution lawfully entitled to his charge, shall be deemed guilty of 'abduction'. . . . The terms 'abduction' and 'kidnapping' shall be synonymous in this Code."

We held, in Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984), that Code § 18.2-47 altered the common law rule requiring proof of asportation in order to establish a conviction for abduction.  Additionally, mere detention is sufficient under Code § 18.2-47 to establish abduction and the asportation and detention may be accomplished by force, intimidation, or deception.  Code § 18.2-47; Jerman v. Director, Dept. of Corrections, 267 Va. 432, 439, 593 S.E.2d 255, 259 (2004).

In the record before this Court it is clear that the Commonwealth presented evidence that permitted the circuit court to conclude beyond a reasonable doubt that Walker detained and asported the victim with the use of force.  Walker, armed with a handgun that he pointed against Merrell's chest, lifted the victim in the air, moved him seven or eight

feet, and "stuffed" him into the truck, as the victim screamed and begged Walker to cease.  During Walker's detention and asportation of Merrell, Walker "cocked" his gun while the gun was pressed against Merrell's body.  Walker detained Merrell by restricting his movements and forcing him into the truck. Walker deprived Merrell of his liberty by using the handgun to prevent Merrell from leaving during the detention.

In view of the foregoing reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.