COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Beales
Argued at Salem, Virginia


CARLTON LEE WILEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0798-07-3                      JUDGE RANDOLPH A. BEALES
                                                         MARCH 4, 2008

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                            Von L. Piersall, Jr., Judge Designate

            Scott R. Geddes (Scott R. Geddes, PC, on brief), for appellant.

            (Robert F. McDonnell, Attorney General; Karri B. Atwood,
            Assistant Attorney General; Joanne V. Frye, Assistant Attorney
            General, on brief), for appellee.  Appellee submitting on brief.


        Carlton Lee Wiley (appellant) was convicted following a bench trial of two counts of

distribution of a Schedule I, II, III, or IV drug to a person under the age of 18, in violation of

Code § 18.2-255, and two counts of contributing to the delinquency of a minor, in violation of

Code § 18.2-371.  This appeal addresses the sufficiency of the evidence to sustain appellant's

convictions for violating Code § 18.2-255.[1]  For the reasons that follow, we affirm those

convictions.

                                        BACKGROUND

        "Applying well-established principles of appellate review, we must consider the evidence

and all reasonable inferences fairly deducible therefrom in the light most favorable to the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] This Court denied the part of appellant's petition requesting that this Court review the
convictions for the two counts of contributing to the delinquency of a minor, so they are not now
before the Court in this appeal.

Commonwealth, the prevailing party below." Walker v. Commonwealth, 272 Va. 511, 513, 636 S.E.2d 476, 477 (2006). "That principle requires us to discard the evidence of the accused in conflict with that of the Commonwealth and to regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Guda v. Commonwealth, 42 Va. App. 453, 455, 592 S.E.2d 748, 749 (2004).

On a Friday evening in September 2005, appellant's seventeen-year-old daughter (A.W.) had two friends over to her home, which she shared with appellant.[2] While the girls were getting dressed in A.W.'s bedroom, appellant returned home and entered his daughter's bedroom. A.W. asked him to leave because one of her friends was only partially dressed. Appellant left but returned several minutes later. According to A.W. and her friends, appellant appeared drunk.

According to C.L., one of A.W.'s friends, appellant gave C.L. a pill that he told her was morphine. She testified that appellant told C.L. that she could not leave until she took the pill. C.L. swallowed the pill and washed it down with some beer that appellant gave her. C.L. described the pill that appellant gave her as small, oval shaped, and with an off-white color having a yellowish tint to it. She said the pill made her feel like she was in "a daze" while at a party that she and the other two girls attended later that night. C.L. remembered "sitting down and . . . [not] really want[ing] to get up, [I] was just all laid back." Appellant had also informed C.L. that she would get sick if she took the pill on an empty stomach; C.L. remembered vomiting the morning after taking the morphine pill.

After giving C.L. the morphine pill, A.W. said that appellant shortly thereafter gave her two pills as well. She testified that appellant told her that one pill was a Darvocet and the other was a muscle relaxer. A.W. took the pills and washed them down with some beer that appellant

---

[2] In order to protect the identity of the three minor girls associated with this appeal, the minor girls' initials will be used in lieu of their full names.

also gave her. A.W. said the Darvocet was long, oval, and pink. A.W. remembered feeling slow and a little dizzy while at the party later that night.

The third girl present, N.H., did not take any pills or consume any alcohol because she was pregnant. N.H. confirmed, though, that appellant "gave [C.L.] some pills at first" and then gave A.W. one or two pills. N.H. said that, while at the party later that night, C.L. and A.W. "were just out of it and not tired but just felt like they didn't want to move. They said that they felt heavy."

Appellant's pharmacist, Roger Akers, testified that he filled a morphine prescription for appellant on September 1 and that those pills, which were manufactured by Endeo, were small, oblong, and orange. However, Akers also said that the color of the morphine pills changes depending on the manufacturer and that he had previously also carried an "off-white yellow" color of morphine pills. Akers also filled Darvocet for appellant on August 30th. Akers stated that the Darvocet pills that he carried were large and oblong and that all of the manufacturers he had bought Darvocet from supplied him with hot pink pills. According to Akers, morphine is a Schedule II substance and Darvocet is a Schedule IV substance.[3]

Dr. David Burrows, a forensic toxicologist employed by the Virginia Department of Forensic Science, testified that the effects of morphine are "nausea, drowsiness, dizziness" along with "euphoria" and "feelings of well being." Burrows confirmed that feelings of heavy limbs and dizziness could be experienced after taking morphine. Burrows explained that Darvocet could cause "drowsiness, dizziness, disorientation, nausea" and that "feeling like in slow motion" would be consistent with the side effects of Darvocet. Burrows confirmed that

---

[3] Akers testified, "A muscle relaxer is not a controlled substance." Appellant was not charged, therefore, with distribution of the muscle relaxer to his daughter.

morphine is a Schedule II controlled substance and Darvocet is a Schedule IV controlled substance.

Appellant denied giving any pills to the girls. Nevertheless, the trial court found appellant guilty, noting "the evidence clearly shows that you had access to this [sic] sort of controlled substances which witnesses, a young girl said that – that you said you were giving them and that their reaction or physical reaction to later on was consistent with someone reacting to those kinds of drugs." The trial court sentenced appellant, on all counts, to an active term of incarceration of five years and twelve months.

ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-255 states "it shall be unlawful for any person who is at least 18 years of age to knowingly or intentionally (i) distribute any drug classified in Schedule I, II, III or IV or marijuana to any person under 18 years of age who is at least three years his junior . . . ."

- 4 -

Therefore, "The Commonwealth was required to prove that the defendant knowingly or intentionally distributed a controlled drug. The purpose of this statute is to provide enhanced punishment, where children are involved, to an activity which is illegal no matter what the age of the purchaser." Pannell v. Commonwealth, 9 Va. App. 170, 174, 384 S.E.2d 344, 346 (1989).

Here, as the trial court appropriately noted, the evidence demonstrates that appellant had access to both morphine and Darvocet. Appellant's pharmacist, Roger Akers, confirmed that he had filled appellant's prescriptions for both drugs prior to September 16, 2005. The only color and shape of Darvocet that Akers carried in his pharmacy matched the description given by A.W. of the pill appellant gave her. While Akers said that he had filled a prescription of morphine for appellant with small orange pills, Akers also confirmed other pharmacists carried (and that he had previously also carried) an off-white yellow morphine pill that was consistent with the pill that C.L. described appellant gave to her.

Moreover, as the expert witness, toxicologist Dr. Burrows, explained, the side effects felt by C.L. and A.W. (and witnessed by N.H.) were consistent with the side effects of morphine and Darvocet. The side effects that the girls experienced, therefore, also substantiate their recollection of appellant's representation, which he made to them at the time he gave them the pills, that he was actually giving C.L. morphine and A.W. Darvocet.

Appellant cites Hinton v. Commonwealth, 15 Va. App. 64, 421 S.E.2d 35 (1992), in support of his argument that, since neither girl had sophisticated knowledge of either morphine or Darvocet, neither girl could positively identify the pill appellant gave to her absent his representation as to what the pills actually were, and, therefore, his convictions should be overturned. In Hinton, this Court noted that the witness

> did not identify the "cocaine" by describing its appearance, the manner in which it affected her, her previous "familiarity or experience" with the drug or provide other foundation for her conclusion that it was, in fact, the substance purchased from

> defendant. Thus, [the witness'] testimony was simply insufficient
> to prove that defendant distributed cocaine to her.

15 Va. App. at 66, 421 S.E.2d at 37. Here, though, the girls described with particularity the appearance of the pills that appellant gave to them, which matched the descriptions given by pharmacist Roger Akers, and described the manner in which the pills affected them, which was corroborated by both Akers and the toxicologist expert witness, Dr. Burrows. These descriptions were entirely consistent with appellant's representation as to what the pills he gave to them actually were. We have previously held that the types of circumstantial evidence recounted above may be considered to prove the nature of a particular substance. See Hill v. Commonwealth, 8 Va. App. 60, 63, 379 S.E.2d 134, 136 (1989) (listing "the physical appearance of the substance involved," "evidence that the substance produced the expected effects," and "evidence that the substance was called by the name of the [substance] by the defendant" among the types of circumstantial evidence that may be considered). Consequently, the foundation not present in Hinton is present in the case at bar.[4]

In addition, the judge specifically stated that he believed the girls' testimony, thereby rejecting appellant's claim of innocence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Finally, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused

---

[4] Familiarity by the victim with the substance she is being given is not an element of the offense prohibited by Code § 18.2-255. While we have previously held that users of a particular drug, "if they have gained a familiarity or experience with a drug, may identify it," Hill, 8 Va. App. at 63, 379 S.E.2d at 136, we note that testimony from a prior user is not necessary to prove the identity of a particular substance. Certainly, as here, there could be many instances where a minor child does not have independent or sophisticated knowledge of a controlled substance being given to her by an adult. In short, the statute certainly does not require that a minor child have such knowledge in order to obtain a conviction under the statute.

is lying to conceal his guilt." <u>Marable v. Commonwealth</u>, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Here, the evidence demonstrates that appellant had access to both morphine and Darvocet, which he also told the girls he was giving to them. While the morphine pill that C.L. said she received from appellant did not match the description of the morphine pills that pharmacist Roger Akers testified that he dispensed to appellant on September 1, Akers noted that other pharmacists carried the type of morphine pill described by C.L. He also confirmed that he had previously carried it prior to September 1. The symptoms experienced by C.L. and A.W. are consistent with the side effects often experienced after taking those drugs, according to the toxicologist expert witness, Dr. David Burrows. The evidence reflects that morphine and Darvocet fit into the schedules listed in Code § 18.2-255, and both Dr. Burrows and Akers confirmed that morphine is a Schedule II controlled substance and that Darvocet is a Schedule IV controlled substance. Therefore, based upon the totality of the evidence contained in this record, we hold that a rational trier of fact could certainly conclude that appellant knowingly and intentionally gave C.L. morphine, a Schedule II controlled substance, and that appellant knowingly and intentionally gave A.W. Darvocet, a Schedule IV controlled substance.

CONCLUSION

Based upon the foregoing, we affirm appellant's convictions.

<u>Affirmed.</u>