COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


JAMES LORENZO THOMAS

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1138-07-2                        JUDGE RANDOLPH A. BEALES
                                                             APRIL 8, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
                            Edward L. Hogshire, Judge

            Michael J. Hallahan, II, for appellant.

            Jennifer C. Williamson, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        James Lorenzo Thomas (appellant) appeals from his conviction following a bench trial

for breaking and entering with the intent to commit assault and battery in violation of Code

§ 18.2-91.[1]  The sole issue in this appeal is whether or not the evidence is sufficient to sustain

appellant's conviction for breaking and entering with the intent to commit assault and battery.

For the reasons that follow, we affirm.

                                    I. BACKGROUND

        "Applying well-established principles of appellate review, we must consider the evidence

and all reasonable inferences fairly deducible therefrom in the light most favorable to the

Commonwealth, [as] the prevailing party below."  Walker v. Commonwealth, 272 Va. 511, 513,

636 S.E.2d 476, 477 (2006).  That standard requires us to "regard as true all the credible

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also convicted of assault and battery in violation of Code § 18.2-57 and
of vandalism in violation of Code § 18.2-137, but those convictions are not before us on appeal.

evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

On the evening of August 25, 2005, appellant broke into an apartment occupied by A.M (the victim). A.M., appellant's former girlfriend, explained that she had terminated a relationship with appellant several months before the break-in. Based upon allegations of mistreatment and sexual assault after the relationship had ended, A.M. had sworn numerous warrants against appellant and obtained a protective order against him. A.M. claimed, however, that appellant had continued to harass her over the telephone.

Approximately ten minutes before he broke in on the evening of August 25, appellant called A.M. and told her that he was coming over to her apartment. A.M. asked him not to come over, reminded him of the protective order forbidding him to be around her, and told him that she would call the police if he came over. Appellant again told A.M. that he was coming over, and, if she did not let him in, he was going to kick in the door. A.M. dialed 911 but did not complete the call, so that she could simply hit redial if appellant indeed came over.

About ten minutes later, as A.M. sat in her bedroom, she heard two loud noises. A.M. walked out into the hallway and saw appellant standing at the top of her stairs. A.M. tried to block appellant from entering her bedroom, but appellant forced her out of the way. While struggling with appellant, A.M. redialed 911 and told the operator that appellant was in her apartment. Appellant wrestled with A.M. for control of the phone and ultimately jerked it out of her hand, which cut her finger. Appellant proceeded into A.M.'s bedroom, saw that no one was in the bedroom, and told A.M. that she should have just let him in since no one was in the bedroom with her. Appellant then left.

At 8:45 p.m., Officer Reginald Lockhart of the Charlottesville Police Department responded to a report of breaking and entering at A.M.'s apartment. When he entered the

apartment, Lockhart noticed the back door had been broken in and was lying halfway into the apartment. Lockhart encountered A.M., who was upset and had a cut on her finger. A.M. told Lockhart that appellant had broken into her apartment and knocked a telephone from her hand, which resulted in the cut to her finger.

A.M. said that appellant did not live with her during their relationship. As she explained, appellant would occasionally spend the night with her, but he kept his residence with his mother. A.M. stated that appellant did not keep any belongings at her apartment. Moreover, the terms of A.M.'s lease, which contained a Department of Housing and Urban Development (HUD) subsidy, stated that she and her children were to be the only legal residents of the apartment. A.M. recalled that appellant had on a prior occasion stolen a key to her apartment. A.M. regained possession of the key, but appellant stole it again and told her that he threw it over a fence. Appellant's mother, however, recalled that appellant stayed with A.M. during their relationship and only stayed with her when he and A.M. were fighting. One of appellant's sisters testified that appellant and A.M. lived together but stated that appellant was living with their mother prior to the August 25 break-in. Appellant's other sister said that she used to drop her brother off to stay with A.M. several nights a week.

Given all of the aforementioned evidence, appellant conceded twice, during his renewed motion to strike, that he had no legal right to be in A.M.'s apartment. Appellant's counsel conceded that appellant "was not legally there," pursuant to the terms of the lease. Appellant's counsel then again, in responding to further questioning by the trial court, conceded that appellant "does not have a legal entitlement." The trial court subsequently found appellant guilty of breaking and entering with the intent to commit assault and battery, assault and battery, and vandalism. In explaining its ruling, the trial court noted that it did not "think the evidence is

sufficient to show that [appellant] broke in with the intent to commit a battery per se." Appellant never asked the trial court to explain or reconsider this statement. This appeal followed.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-91 states, in pertinent part,

> If any person commits any of the acts mentioned in § 18.2-90 with intent to commit larceny, or any felony other than murder, rape, robbery or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, or if any person commits any of the acts mentioned in § 18.2-89 or § 18.2-90 with intent to commit assault and battery, he shall be guilty of statutory burglary.

Appellant's challenge to the sufficiency of the evidence is twofold: 1) he contends the evidence does not sufficiently prove that he broke into and entered the dwelling house of another; and 2) he contends the evidence does not sufficiently prove that he broke into the apartment with the intent to commit an assault *and* a battery.

## A. Dwelling house of another

Code § 18.2-91 relies upon several other referenced code sections to define the conduct it prohibits. Notably, Code § 18.2-91 references Code § 18.2-89, which "defines traditional burglary (the breaking and entering of a dwelling house of another in the nighttime with the intent to commit a felony or any larceny therein)." Johnson v. Commonwealth, 18 Va. App. 441, 445, 444 S.E.2d 559, 561-62 (1994). Appellant contends that because he stayed at A.M.'s apartment "on and off" during their relationship, the evidence does not prove that he broke into the dwelling house of another. In other words, appellant claims he had a legal right to be there.

The protective order that was in place at the time of the break-in forbade appellant from having any contact with A.M., much less live with her. The relationship that had existed between appellant and the victim had ended before the break-in that is the subject of his conviction here. Appellant's sister stated that appellant was living with their mother prior to August 25, 2005.[2] Furthermore, the victim told appellant, when he called her, not to come over and that, if he did, she would call the police, which she promptly did.

Based upon these facts, appellant's trial counsel, in response to questions from the trial court, quite appropriately conceded that "he was not legally there" and, furthermore, did "not have a legal entitlement" to be present in A.M.'s apartment. Appellant, though, now argues on brief that he had somehow executed "an implied sub-lease," which gave him a legal right to be in the apartment. In so doing, appellant presents an argument on appeal that is inconsistent with the concession that he made to the trial court. "A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895

---

[2] Testimony from appellant's other sister suggests that he was not living with A.M. but instead had earlier just been spending the night there a few times a week.

(2006). See also Powell v. Commonwealth, 267 Va. 107, 144, 590 S.E.2d 537, 560 (2004). Accordingly, given the two concessions appellant made to the trial court and the underlying evidence demonstrating that he had no legal right of occupancy in A.M.'s apartment, we hold the trial court did not err in finding appellant broke into the dwelling house of another.

B. INTENT TO COMMIT ASSAULT AND BATTERY

Appellant argues on appeal that the evidence was not sufficient to prove he broke in with the intent to commit assault and battery. He contends the trial court found only that he broke in with the intent to commit an assault, not an assault and battery. At trial, however, appellant argued only that the evidence failed to prove "that there was a breaking and entering with intent to commit assault." When the trial court found that he did break into the dwelling with the intent to commit assault, appellant did not object that the trial court must find under the indictment that he broke in with the intent to commit an assault and battery,[3] not a simple assault. However, regardless of the trial judge's verbal statements and ruminations, "[a] court speaks only through its orders," Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), and the trial court's conviction/sentencing order found appellant guilty of breaking and entering under Code § 18.2-91, which, given the facts of this case and the language of the indictment, required a finding of breaking and entering with the intent to commit assault and battery. Because appellant never requested further review of this issue until filing his petition in this appeal, as counsel admitted at oral argument, appellant is now precluded from making this argument for the first time on appeal. Rule 5A:18.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

---

[3] Appellant was convicted of assault and battery and is not challenging that conviction in this Court.

See also <u>Andrews v. Commonwealth</u>, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002) ("The purpose of the rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals."). "Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions." <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). "This Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." <u>Widdifield v. Commonwealth</u>, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*).

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>