COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


JAMES LAWRENCE SHELTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0581-07-1                      JUDGE RANDOLPH A. BEALES
                                                              MAY 27, 2008
COMMONWEALTH OF VIRGINIA



              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Charles E. Poston, Judge

          Harry Dennis Harmon, Jr., for appellant.

          Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
          Attorney General, on brief), for appellee.



       James Lawrence Shelton (appellant) was convicted following a bench trial of attempted

burglary.[1]  The sole issue in this appeal is whether or not the evidence was sufficient to sustain

that conviction.  For the reasons that follow, we affirm appellant's conviction.

                                  I. BACKGROUND

       "Applying well-established principles of appellate review, we must consider the evidence

and all reasonable inferences fairly deducible therefrom in the light most favorable to the

Commonwealth, [as] the prevailing party below."  Walker v. Commonwealth, 272 Va. 511, 513,

636 S.E.2d 476, 477 (2006).  That standard requires us to "regard as true all the credible

evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."  Parks

v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was acquitted of two other charges – burglary and grand larceny – relating to a separate incident, which occurred on the same night as the attempted burglary at issue here.

During the late evening hours of August 27, 2006, Johnna and Benjamin Jones had fallen asleep in the den of their home, which was located at 5441 Orion Avenue in the city of Norfolk. Johnna Jones (Johnna) described their neighborhood as quiet and explained that the houses are set far apart with a lot of trees on the lots. Johnna explained that, usually, no one walks around the neighborhood after 10:00 p.m.

The front entrance to the Jones residence had two front doors, an outer glass door and an inner wooden door. On the evening in question, Johnna remembered that the only lights turned on inside "were at the back of the house." Johnna also recalled that the front porch light was turned on, as was a "lantern light in the front near the driveway." Finally, Johnna stated that her husband's van was parked virtually out of sight around the back of the house, and her van was parked in front and to the side of their house "where it would look like it belonged to the neighbor."

Just before midnight, Johnna awoke and noticed that the family dog was very agitated. Shortly thereafter, Johnna heard a rattling sound, which she realized was the handle of the inner wooden front door "being forced," as she described it. She specifically recalled that she did not hear anyone knock on the door. Johnna immediately woke up her husband Benjamin and told him, "Somebody is trying to come in the house."

Benjamin Jones (Benjamin) went to the front door, unlocked the dead bolt, and opened the inner wooden door. Benjamin noticed, as he saw the outer glass door was closing, that appellant was standing on the front porch. According to Benjamin, appellant "seemed almost to be caught off guard initially." Benjamin could tell that appellant had been drinking. Appellant asked Benjamin if he was "Dave." Benjamin told appellant that he was not "Dave," but appellant asked again if Benjamin was "Dave" from Chesapeake Contracting. Benjamin told appellant that he was not "Dave," nor was he associated with "Dave" or Chesapeake Contracting.

- 2 -

Appellant then left the front porch of the Jones house, and Benjamin watched as appellant, who was riding a bicycle, stopped at the end of the Joneses' driveway and studied the house across the street. After noticing that Benjamin was still watching him, appellant rode away on his bicycle.

Appellant testified that he was looking for someone named "Dave" who worked for Chesapeake Contracting and wanted to see if "Dave" wanted to go drink alcohol. Appellant said that he knocked on the Joneses' door. Appellant admitted that he had twelve prior felony convictions.

The trial court found appellant guilty of attempted burglary on the Jones residence. An appeal to this Court followed.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-89 reads: "If any person break and enter the dwelling house of another in the nighttime with intent to commit a felony or any larceny therein, he shall be guilty of burglary, punishable as a Class 3 felony."[2] "An attempt to commit a crime is composed of two elements: (1) the intent to commit it; and (2) a direct, ineffectual act done toward its commission. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).

Here, the evidence is sufficient to show that appellant attempted to break into the Jones residence. Appellant approached the house at approximately midnight. The couple's vans were parked either behind the house or close to a neighbor's house, and the interior of the home was dark or dimly lit. Appellant opened the outer glass door and began trying to force open the inner wooden door. Although appellant testified that he knocked, credible evidence proved he did not. Johnna heard appellant rattling the door, which alerted her that "the handle of our wooden door" was "being forced." Johnna specifically stated that she did not hear a knock at the door prior to hearing the sound of the wooden door "being forced." Her husband Benjamin, whom Johnna awoke and told, "Somebody is trying to come in the house," startled appellant when he opened the inner, wooden door. Once appellant actually left the Jones front porch, he biked down the driveway and, according to Benjamin, began to study the house across the street. Appellant rode away only after noticing that Benjamin was still watching him.

From this evidence, a rational trier of fact could conclude that appellant intended to break into the Jones residence and, by opening the outer glass door and trying to force open the wooden inner door, committed direct acts in furtherance of that goal. See Ridley v.

---

[2] At oral argument before this Court, appellant conceded that he was indeed convicted of an attempt to violate Code § 18.2-89.

- 4 -

Commonwealth, 219 Va. 834, 837, 252 S.E.2d 313, 314 (1979) ("In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny."). The trier of fact quite reasonably rejected appellant's contention that he was knocking on the Joneses' door in an attempt to find "Dave." See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). The evidence was, therefore, sufficient to convict appellant of attempted burglary.

CONCLUSION

For the foregoing reasons, we affirm.

Affirmed.