UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Alston, McCullough and Senior Judge Annunziata
Argued at Alexandria, Virginia


JUAN LOZANO-BOLANOS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0711-13-4         JUDGE STEPHEN R. McCULLOUGH
                                              APRIL 1, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

Bonnie H. Hoffman, Deputy Public Defender (Office of the Public
Defender, on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Juan Lozano-Bolanos appeals from his conviction of abduction. He argues that the evidence

fails to show a specific intent to deprive the victim of her personal liberty. We hold the evidence

was sufficient for a rational fact finder to conclude that appellant had the necessary intent.

Therefore, we affirm his conviction.

BACKGROUND

R.K. testified she returned home to her apartment around 12:30 in the morning and parked

her car. As she was retrieving some items from her car, appellant parked his car in the parking

space next to her's. He did everything "real fast:" parking his car, taking out the keys, and turning

off the lights. Appellant walked past her, then turned around and stood still for a few seconds. He

approached R.K. and asked her for directions to Route 28. She gave him those directions. He then

asked her for directions to Route 7. She again supplied him with directions. Although he asked in

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

English, when she answered, he "just kept looking at [her] as if he didn't understand." He "just stood there."

Appellant then went to his car and took out a spiral notebook, turned around, and walked back toward her. He stood at the right corner of R.K.'s trunk for several minutes as if he were reading the notebook. He put the notebook down and approached her, asking her for a quarter.

As she reached into her purse, appellant lunged at her and grabbed both of her arms. He pushed her back as he grabbed her and they both fell "halfway" through the open door into the back seat of R.K.'s car. R.K. began screaming and fighting. Appellant kept saying "come on, come on, come on" as he held her. She tried to break free but could not because he was holding her so tightly. R.K. testified that during the struggle, he did not place his hands on her chest, attempt to place his hand up her shorts or try to pull on her shorts. Neither her shorts nor her tank top were torn.

R.K.'s sister heard her screaming. When R.K.'s sister began yelling at appellant, he desisted and fled on foot. Soon afterwards, he returned to his car and drove away. R.K. noticed a notebook lying on the ground, as well as a knife that "somehow got knocked down." The knife was next to her car, near her open back door.

R.K.'s sister testified that "less than 30 seconds" elapsed between the time she heard the panicked screams and the time she ran down to the parking lot. R.K. estimated the incident lasted one or two minutes.

Appellant initially was charged with a single charge of abduction with the intent to defile. The trial court granted his motion to strike as to the intent to defile and convicted him of simple abduction.

ANALYSIS

On appeal, a reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original, citation omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). An appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate judges have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Furthermore, we draw all reasonable *inferences* in favor of the Commonwealth as part of viewing the evidence in its favor. See, e.g., Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

Pursuant to Code § 18.2-47, a person is guilty of abduction when he "by force, intimidation or deception, and without legal justification or excuse, seizes [or] . . . detains . . . another person with the intent to deprive such other person of his personal liberty . . . ." This statutory crime does not contain the common law requirement of "asportation"; that is, the victim need not be moved from one place to another for the defendant to be guilty of abduction. See Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 576 (1984).

Appellant's challenge focuses on whether the evidence proved he had the necessary intent to be convicted of abduction. When a "statute makes an offense consist of an act combined with a particular intent, proof of such intent is as necessary as proof of the act itself and must be established as a matter of fact." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "Intent is the purpose formed in a person's mind and may be, and

- 3 -

frequently is, shown by circumstances" including "[his] conduct" and "his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). Furthermore,

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citation omitted).

"[W]hether the required intent exists is generally a question for the trier of fact." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "A trial judge's factual findings will not be disturbed on appeal unless plainly wrong or without evidence to support them." Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

Grabbing a complete stranger and holding this stranger down against her will, as the person so restrained physically resists and screams, and then desisting only when detected, evinces an unmistakable intent to "seize[] . . . another person with the intent to deprive such other person of [her] personal liberty." Appellant's repeated statements to the victim "come on, come on, come on" as she resisted him further demonstrate his intent to abduct her. The factfinder can infer a person intends the natural and probable consequences of his acts. See, e.g., Adams v. Commonwealth, 33 Va. App. 463, 471, 534 S.E.2d 347, 351 (2000).

To overcome this rather obvious conclusion, appellant seeks to press the "incidental detention" doctrine into service, albeit indirectly. In Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985), the Supreme Court held that in enacting the abduction statute, "the General Assembly did not intend to make the kind of restraint which is an intrinsic element of crimes such as rape, robbery and assault a criminal act, punishable as a separate offense." Id. at 314, 337 S.E.2d at 713. By its plain terms – as appellant acknowledges – the incidental detention

- 4 -

doctrine does not apply when the defendant is convicted of only one crime. See Walker v.

Commonwealth, 272 Va. 511, 516-17, 636 S.E.2d 476, 479 (2006).[1]

Appellant still contends the incidental detention framework is "informative of whether he possessed the requisite intent to deprive Ms. R.K. of her personal liberty." He argues that when an individual is engaging in one action, it can negate his intent to commit a different offense. We do not disagree with the premise. For example, in Johnson v. Commonwealth, 221 Va. 872, 275 S.E.2d 592 (1981), the Supreme Court of Virginia concluded that when the defendant grabbed the victim tightly from behind and tried to kiss her while rubbing his hips against her buttocks, the restraint "was done in furtherance of his sexual advances and not with the intent to deprive her of her personal liberty, although such a deprivation did occur momentarily." Id. at 879, 275 S.E.2d at 597. In the assault context, a person engaged in a fight might grab another pugilist's clothing during the melee, thereby preventing that person from moving about freely. Depending on the facts presented, such a scenario may rule out an intent to abduct. On the evidence before us, however, we find the trial court's finding of intent amply justified.

Moreover, Johnson simply does not resemble this case. There, the defendant's actions ruled out a specific intent to deprive the victim of her personal liberty. Instead, the defendant was trying to gratify himself sexually. That is not the case here. On the facts before us, appellant's actions demonstrated an intent to restrict the victim's personal liberty.

We also observe that it is entirely possible for a defendant to harbor an intent that satisfies two separate crimes. Indeed, when a defendant carries out his abduction by means of force rather than threats, a battery will accompany the abduction. An intent to batter the victim,

---

[1] In Walker, the defendant was charged with robbery, use of a firearm during the commission of a robbery, abduction, and use of a firearm during an abduction. He was acquitted of robbery and the use of a firearm in the commission of robbery, but he was convicted of abduction and the use of a firearm in the commission of abduction. Id. at 512, 636 S.E.2d at 477.

as appellant concedes he had, does not exclude the possibility of a simultaneous intent to abduct. Where the facts warrant a conclusion that appellant committed abduction as well as a separate crime, the prosecution is free to elect which crime to charge – or to charge both if the detention is not purely incidental to the other crime. It is settled law that "'[a] prosecutor has the discretion to decide under which of several applicable statutes the charges shall be instituted.'" In re Horan, 271 Va. 258, 264, 634 S.E.2d 675, 679 (2006) (quoting Hensley v. City of Norfolk, 216 Va. 369, 373, 218 S.E.2d 735, 739 (1975)).[2]

We reject appellant's novel invocation of the incidental detention doctrine. The General Assembly, in amending the abduction statute, did not intend to allow prosecutors to tack on an abduction charge every time a restraint on liberty is inherent in a separate crime. We do not, however, perceive a further intent by the legislature to restrict prosecutions for abduction *simpliciter* in situations where the Commonwealth might have elected to charge a lesser crime instead.

                                        CONCLUSION

The judgment of the trial court is affirmed.

                                                                                Affirmed.

---

[2] Moreover, these discretionary charging decisions are, in the main, not subject to judicial second-guessing. Rare exceptions to this general rule include situations of prosecutorial vindictiveness, see Blackledge v. Perry, 417 U.S. 21 (1974); violations of the prohibition on placing a defendant in double jeopardy, see Brown v. Ohio, 432 U.S. 161 (1977); or selective prosecutions in violation of the Equal Protection Clause, see United States v. Armstrong, 517 U.S. 456 (1996).