COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Causey and Chaney


ROMONDO MONTANEZ REAP, S/K/A
 ROMANDO MONTANEZ REAP

                                      MEMORANDUM OPINION[*]

v.        Record No. 0613-24-1                          PER CURIAM
                                            JULY 22, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

(Kristin Paulding; 7 Cities Law, on brief), for appellant.

(Jason S. Miyares, Attorney General; Brooke I. Hettig, Assistant
Attorney General, on brief), for appellee.


On November 8, 2023, a jury empaneled in the Circuit Court of the City of Virginia Beach

("trial court") convicted Romondo Montanez Reap ("Reap") of abduction with intent to defile in

violation of Code § 18.2-48, for which the trial court sentenced him to 40 years with 15 years

suspended.  On appeal, Reap contends that the evidence was insufficient to support his

conviction.  Finding no error, we disagree and affirm.[1]

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

I. BACKGROUND[2]

On September 27, 2019, Reap was charged with one count of rape in violation of Code § 18.2-61, one count of forcible sodomy in violation of Code § 18.2-67.1, and one count of abduction in violation of Code § 18.2-47. The abduction charge was later amended to abduction with the intent to defile in violation of Code § 18.2-48(ii). All three charges were certified to the grand jury on March 5, 2020. The grand jury returned indictments on all three charges on May 27, 2020. After several continuances, Reap's jury trial was eventually scheduled to commence on November 8, 2023.

On the day of trial, after empaneling a jury and following both parties' opening statements, the Commonwealth called C.T.[3] as its first witness. She testified that in September of 2019, she had just begun working as a housekeeper at the Courtyard Marriott Hotel in Virginia Beach and Reap was her immediate supervisor. On the morning of September 27, C.T. testified that she was assigned to housekeeping work on the ninth floor. C.T. began cleaning the bathroom in Room 906. She kept the door open and was listening to music on her headphones while cleaning the room. She bent over at the waist to clean the bathroom tub when Reap walked in, grabbed her by the waist with both hands, and pulled her closer to him. In response, C.T. stopped her music and turned around to face Reap. C.T. then asked Reap what he was doing. Reap told her to "give him some pussy." C.T. explained that she was surprised by his answer and "was lost." Reap then assaulted

---

[2] "On appeal, we review the evidence in the 'light most favorable' to the Commonwealth." *Coleman v. Commonwealth*, 52 Va. App. 19, 21 (2008) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). "That principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

[3] We refer to the victim by her initials to protect her privacy.

her by trying to pull her pants down while she was trying to keep them up. C.T. further testified that Reap closed the door to the bathroom before the struggle over her pants occurred.

Eventually, Reap was able to pull C.T.'s pants down "a little." Next, Reap backed her up against the door and began to lick the front of C.T.'s vagina. C.T. continued to attempt to pull up her pants but Reap ended up bent over behind her. Reap then proceeded to insert his penis "a little" inside C.T.'s vagina which she testified was painful. Eventually, C.T. demanded that Reap stop, which he eventually did. Reap then stopped and before leaving the bathroom told her she was "whack." C.T. testified that she did not stop struggling throughout the incident, that she felt scared the entire time, and that she "didn't know what was going on or what was going to happen to [her]." After the incident, C.T. drove herself to the emergency room at a local hospital to report the assault and receive medical care.

On the second day of the trial, Virginia Beach Police Detective Emily Bueras ("Detective Bueras") testified that she responded to the hospital and after speaking with C.T., she arranged for C.T. to undergo a forensic examination. Detective Bueras then returned to the detective bureau to speak with Reap. After reading Reap his *Miranda*[4] rights, Reap told Detective Bueras that nothing happened between himself and C.T. and that he was never in the hotel room with her. He later changed his story, telling Detective Bueras that he had performed oral sex on C.T. on September 26, 2019, in her car. He then changed his story again and said that he performed oral sex on C.T. on September 27, 2019, in the bathroom of the hotel room, but he said it was consensual. Reap denied having sexual intercourse with C.T. Next, Sexual Assault Nurse Examiner Jennifer Knowlton ("Knowlton") testified as an expert in sexual assault examination. Knowlton testified that she examined C.T. at the hospital on September 27, 2019, and observed a

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

tear in the skin of C.T.'s posterior fourchette,[5] as well as an injury to the interior of C.T.'s vagina. Knowlton did not find any physical injuries on any other part of her body.

After the Commonwealth rested, Reap moved to strike all three indictments, arguing that the evidence was insufficient to support a conviction for any of the charges that were before the court. The trial court agreed that the evidence was insufficient to prove forcible sodomy and dismissed that indictment. With respect to the abduction with intent to defile offense, Reap argued that the level of detention was only incidental to the rape charge and thus that the evidence failed to prove a separate act of abduction. He also argued that the evidence failed to prove he committed a rape. Finding that those matters were for the jury to decide, the trial court denied Reap's motion attempting to dismiss those two indictments. Following closing arguments, the jury acquitted Reap of rape but convicted him of abduction with intent to defile. Reap was sentenced to 40 years with 15 years suspended. Reap appealed.

## II. ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* at 744 (quoting

---

[5] The fourchette is "a small fold of membrane connecting the labia minora in the posterior part of the vulva." *Fourchette*, *Webster's Third New International Dictionary* (1981).

*Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "Of critical importance . . . is the principle that '[n]ot just any objection will do.'" *Jones v. Commonwealth*, 71 Va. App. 597, 606 (2020) (alteration in original) (quoting *Bethea*, 297 Va. at 743). Instead, "[a] trial court must be alerted to the precise issue to which a party objects." *Kelly v. Commonwealth*, 42 Va. App. 347, 354 (2004). "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

Reap first asserts that the evidence was insufficient to support his conviction for abduction with intent to defile because the evidence failed to prove that he used either force, intimidation or deception to seize or detain C.T. or that he intended to defile C.T. or deprive her of her personal liberty. Reap argued in his motion to strike the Commonwealth's evidence that the evidence was insufficient to support the abduction charge only because the detention necessary for the commission of the abduction was incidental to the detention necessary to accomplish the rape. At no point did Reap argue that the evidence failed to prove he intended to defile C.T. or to deprive her of her personal liberty, nor did he suggest that the evidence failed to prove he overbore her will through the use of force, deception or intimidation. Because Reap did not object to the sufficiency of the evidence on these specific grounds during his motion to strike, we find that this assignment of error is waived for purposes of appeal. Reap asks that we apply the ends of justice exception to Rule 5A:18.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends

of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman*, 25 Va. App. at 221. Indeed, "[i]n order to invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Id.*

> In order to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

*Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 74 (2015) (quoting *Redman*, 25 Va. App. at 221-22).

"The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). The "exception requires proof of an error that was 'clear, substantial and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Brown v. Commonwealth*, 8 Va. App. 126, 132 (1989)). "Virginia courts applying the ends-of-justice exception require a defendant to present not only a winning argument on appeal but also one demonstrating that the trial court's error results in a 'grave injustice' or a wholly inexcusable 'denial of essential rights.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546-47 (2013) (quoting *Brittle*, 54 Va. App. at 513). "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

Abduction occurs when "[a]ny person who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains or secretes another person with the intent to deprive such other person of his personal liberty." Code § 18.2-47. "Abduction . . . of any person with intent to defile such person . . . [is] punishable as a Class 2 felony." Code § 18.2-48.

Here, Reap has failed to carry his burden of proving that a manifest injustice occurred in this case. The record demonstrates that Reap entered the bathroom where C.T. was working, grabbed her by the waist, pulled her against his body, and then fought with her to pull down her pants. He told her to give him some "pussy." Reap had closed the door to the small bathroom, prohibiting C.T. from exiting as she struggled to keep her pants pulled up. Against C.T.'s wishes and without her permission, Reap finally got her pants down and licked her vagina. C.T. continued to struggle against Reap who eventually took a position behind her and inserted his penis "a little" inside her vagina, causing her to cry out in pain and loudly tell him to stop. Detective Bueras noted that C.T. was visibly upset and shaken, and C.T. testified that during the incident she felt scared. C.T.'s testimony sufficiently established that Reap forcefully and without legal justification or excuse seized and detained C.T. with the intent to deprive her of her personal liberty and to defile her. Reap does not point to anything in the record that affirmatively proves an element of the offense did not occur or that he was convicted for non-criminal conduct. Accordingly, he has failed to carry his burden of proving that a "grave injustice" occurred or a "wholly inexcusable denial" of his essential rights. *Winslow*, 62 Va. App. at 546-47. Therefore, the ends of justice exception does not apply, and Rule 5A:18 partially bars our consideration of Reap's claim that the evidence was insufficient to support his conviction for abduction with intent to defile.

Turning to the remainder of his argument, Reap maintains that any seizure or detention of C.T. was "incidental to the alleged sexual assault" and therefore that the evidence was insufficient to support his conviction. However, because Reap was acquitted of rape, this argument fails.

It is well-settled that,

> [O]ne accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses only when the detention committed in the act of abduction is separate and apart from, and not merely incidental to, a restraint employed in the commission of the other crime.

*Walker v. Commonwealth*, 272 Va. 511, 516 (2006) (quoting *Brown v. Commonwealth*, 230 Va. 310, 314 (1985)). Yet this concept only applies "when a defendant is *convicted* of two or more crimes arising out of the same factual episode" implicating a defendant's right against double jeopardy. *Id.* (emphasis added). Since Reap was only convicted of one crime—abduction with intent to defile—the incidental detention doctrine does not apply. Therefore, we affirm his conviction on this ground as well.

### III. CONCLUSION

For these reasons, the trial court's judgment is affirmed.

*Affirmed.*